

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00202-CV

**WILLIAM CARROLL MARROW,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2003-615-C

## MEMORANDUM OPINION

William Carroll Marrow attempts to appeal, by restricted appeal, the trial court's order of withdrawal of court costs and fees from Marrow's inmate account.[1] TEX. GOV'T CODE ANN. § 501.014(e) (Vernon Supp. 2009). The Clerk of this Court notified Marrow that we questioned our jurisdiction because it appeared there was no appealable order.

---

[1] Courts have frequently referred to these as inmate "trust" accounts. The term "trust" has been removed from their statutory references. Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, *amended* by Act of 1999, 76th Leg., ch. 62, §§ 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (Vernon Supp. 2009)). They are simply inmate accounts. While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

Marrow responded that he properly filed a restricted appeal and that this Court has jurisdiction. *See* TEX. R. APP. P. 26.1(c). We dismiss the appeal.

There is no final order to be appealed. Although called an "order," the document Marrow is seeking to have reviewed is nothing more than the notice to the Texas Department of Criminal Justice that a judgment has been rendered against Marrow and that, pursuant to the statute, the Department should withdraw money from his inmate account. TEX. GOV'T CODE ANN. § 501.014(e) (Vernon Supp. 2009). As the statute states:

> On *notification* by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection. . . The department shall make a payment under this subsection as ordered by the court to either the court or the party specified in the court order. The department is not liable for withdrawing or failing to withdraw money or making payments or failing to make payments under this subsection. . . .

*Id.* (emphasis added); *see also In re Rosin*, 256 S.W.3d 925, 925 (Tex. App.—Waco 2008, C.J. Gray dissenting to request for response).

When the required notice of withdrawal of money from an inmate account is sent to the Texas Department of Criminal Justice, regardless of its form, the inmate has an opportunity to be heard by the trial court about the amount to be withdrawn. *See Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009). This "opportunity" to be heard does not have to be before the notice is provided to the inmate to fulfill the minimum requirements of due process. As the Texas Supreme Court stated, "We hold an inmate is entitled to notice just as happened here (via copy of the order, or other notification, from the trial court) and an opportunity to be heard just as happened here (via motion

made by the inmate [directed to the trial court])—but neither need occur before the funds are withdrawn. Moreover, appellate review should be by appeal, as in analogous civil post-judgment enforcement actions." *Id*.

Marrow has not filed anything in the trial court asking for an opportunity to be heard regarding the amount of money to be withdrawn from his inmate account. If he has not already had the opportunity to challenge the specific amount of the judgment to be withdrawn from his account, such as by direct appeal of the original judgment, Marrow's review of the trial court's action will be after he has challenged the court's notice/order by motion, thus giving the trial court the opportunity to correct it if it is erroneous or thereby preserve the error for appellate review. *See Ramirez v. State*, ___ S.W.3d ___, No. 10-10-00157-CV, 2010 Tex. App. LEXIS 3837, *3-4 (Tex. App.—Waco May 19, 2010, no pet. h.). Only when properly challenged and denied relief is there a trial court order that is final from which the inmate, Marrow, can appeal. *Id*. at *4. Thus, at this juncture, he has no adverse ruling for this Court to review.

Accordingly, this appeal is dismissed.

Further, Marrow's "Appellant's Motion for Extension of Time to File Motion to Proceed Informa Panperis" and "Petition's Motion for Suspension of Rule 9.3(b) of the Texas Rules of Appellate Procedure" are dismissed as moot.[2]

Finally, absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX.

---

[2] Neither of these motions nor Marrow's response to our letter questioning our jurisdiction were served on the opposing party as required by Rule 9.5 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 9.5. However, we use Rule 2 to suspend the service requirement and dispose of these motions and this appeal. *See* TEX. R. APP. P. 2.

R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (Vernon 2005); and § 51.208 (Vernon Supp. 2009). Under the circumstances, we order the Clerk to write off all unpaid fees in this proceeding. Further, the write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed by the person against whom they are assessed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Appeal dismissed
Opinion delivered and filed July 14, 2010
[CV06]