IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00143-CV

No. 10-10-00144-CV

No. 10-10-00145-CV

No. 10-10-00146-CV

 

Anthony Randolph,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court Nos. 2006-1690-C2,
2006-1691-C2,

2006-1692-C2, and 2006-1643-C2

 



Opinion



 

            Anthony Samax Randolph was convicted
of four separate felony offenses and waived his right to appeal these
offenses.  In the judgment for each conviction, the trial court assessed all
court appointed attorney’s fees, investigator’s fees, and interpreter’s fees as
costs against Randolph.  A notice of withdrawal to pay the costs in each case
from Randolph’s inmate account[1] was
signed on July 6, 2007 and a copy was sent to Randolph as well as the Texas
Department of Criminal Justice.  In March of 2010, Randolph filed a Motion to
Rescind Garnishment Orders for the four convictions.  The trial court denied Randolph’s motion, and Randolph appeals.  We affirm.

            Randolph’s motion in each case is set
out below.  All emphasis, spelling, and grammar is as presented in the motion.

            NOW INTO COURT COMES Anthony Samax
Randolph, Petitioner in the above captioned motion who respectfully petitions
this Court to rescind its garnishment orders for the following reasons:

 

I

 

            Petitioner’s garnishment orders for
Case Nos. 2006-1690-C2; 2006-1691-C2; 2006-1692-C2; and 2006-1643-C2;
are invalid and MUST be voided, because the trial court failed to
provide Petitioner with a notice, or a hearing, prior to the garnishment orders.

            Petitioner contends his due process
rights to protect his property interest – money in his inmate trust account –
was violated by the trial court without a notice, or a hearing being afforded
to Petitioner prior to the trial court’s garnishment orders.

 

II

 

            “An order issued without due process
is void.”; citing Abdullah v. State, 211 S.W.3d 938, 943-Tex.
App.—Texarkana 2007.

            Orders directing withdrawals from
inmate prison trust accounts to satisfy costs associated with inmate’s
convictions were VOID as having been entered without affording inmates a
notice, or a hearing – in violation of his procedural due process rights. 
U.S.C.A. Const. Amend. 14; VTCA Government Code § 501.014; id Abdullah.

 

III

 

            In the instant case, Petitioner has a
constitutional property interest invested in his inmate trust fund account and
without a notice, or a hearing by the trial court – prior to garnishment orders
– Petition’s Constitutional right to due process was violated by the trial
court, making the garnishment orders VOID; id Abdullah.

 

PRAYER

 

            Petitioner prays this Court will
RECIND it’s erroneous garnishment orders for Case Nos. 2006-1690-C2;
2006-1691-C2; 2006-1692-C2; and 2006-1643-C2; and refund all monies
withdrawn from Petitioner’s inmate trust fund account accordingly.

 

            Randolph’s argument in his brief
differs only slightly.  In his brief, he contends “that no Writ of Garnishment
was served upon him prior to the trial court’s garnishment order.  Applellant
[sic] further avers that he was not allowed an opportunity to rebut or contest
the District Court’s fee system, The [sic] Court’s Bill of Cost Statement, or
the method used to calculate attorney fees, or criminal filing fees assessed
against him prior to the trial court’s garnishment orders.”

            Relying on Abdullah v. State,
211 S.W.3d 938 (Tex. App.—Texarkana 2007, no pet.), Randolph presents
essentially two theories on appeal from the trial court’s denial of his Motion
to Rescind Garnishment Orders.  The first is that the document withdrawing
money from his inmate account is an “order” pursuant to a writ of garnishment. 
It is not.  It is nothing more than a notice to the Texas Department of
Criminal Justice that a judgment has been rendered against Randolph and that,
pursuant to the statute, the Department should withdraw money from his inmate
account.  Tex. Gov’t Code Ann. §
501.014(e) (Vernon Supp. 2009); See Harrell v. State, 286 S.W.3d
315, 316 fn 1 (Tex. 2009); Ramirez v. State, ___ S.W.3d ___, 2010 Tex. App. LEXIS 3837 (Tex. App.—Waco May 19, 2010, no pet.).  Further, this type of notice is not a garnishment order but is only akin to a garnishment action or an
action to obtain a turnover order.  Harrell, 286 S.W.3d at 319. 
Properly viewed, the notice is a civil post-judgment collection action that is
aimed at seizing funds to satisfy the monetary portion of a criminal judgment. 
 Id.  As the Texas Supreme Court also stated in Harrell, 

Nothing in Texas law requires the grafting of
comprehensive garnishment procedures onto Government Code section 501.014.  If
TDCJ were required to conform strictly with full-blown statutory garnishment
requirements as suggested by the Texarkana court of appeals in Abdullah,
TDCJ would doubtless face expending more money than it would ever collect in
many cases, since withdrawal orders typically seek modest sums.  Faced with
this cost-benefit tradeoff, TDCJ would likely opt not to seek recoupment at
all, thus subverting the Legislature's goal of efficient cost-collection. 

 

Id. at 320 (footnotes omitted).  Further, the Constitution
does not require a comprehensive garnishment proceeding.  Id. at 321.

            Randolph’s second theory is that he
was entitled to notice and a hearing prior to the trial issuing the withdrawal
notice.  The Texas Supreme Court has addressed this theory in Harrell as
well and has held an inmate is entitled to notice via a copy of the withdrawal
notice from the trial court and an opportunity to be heard via a motion made by
the inmate.  Id.  Neither need occur before the funds are withdrawn.  Id.  Just as in Harrell, Randolph received a copy of the notice of withdrawal
and had an opportunity to be heard by filing a motion with the trial court.  He
received all that due process requires.

            To the extent that Randolph also
argues that he did not have the opportunity to challenge the bill of costs, we
note that Randolph had copies of that document by July 13, 2007 and was free to contest the amount assessed at that time.  Id. at 320.  He did not.

            Accordingly, the trial court’s Order
denying Randolph’s Motion to Rescind Garnishment Orders is affirmed.

            

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed August 25, 2010

[CV06]









[1]
Courts have frequently referred to these as inmate “trust” accounts.  The term
“trust” has been removed from their statutory references.  Act of 1989, 71st
Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, §§ 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at Tex. Gov’t Code Ann. § 501.014 (Vernon Supp. 2009)).  They are simply inmate accounts.  While there may be a custodial
relationship between the Department and the inmate as to the money in the
account, an issue not decided by us today, there is certainly no trustee/beneficiary
relationship wherein the Department is burdened with all the duties of a
trustee with regard to the inmate’s money.