NO. 07-10-0259-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 NOVEMBER 10, 2010

 ______________________________

 RICHARD DEWAYNE SNELSON, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 181[ST] DISTRICT COURT OF RANDALL COUNTY;

 NO. 16,447-B; HONORABLE JOHN B. BOARD , JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 OPINION
On March 9, 2005, Appellant was convicted of possession of a controlled substance with intent to deliver in a drug-free zone, enhanced, and sentenced to sixty years confinement. Although the judgment of conviction recited "that the State of Texas do have and recover of the said defendant all costs in this proceeding incurred," the summary portion of the judgment left blank the amount of those costs. That judgment became final and mandate issued on October 5, 2007. 
 More than two years later, using the same cause number, the trial court signed and entered an Order to Withdraw Inmate Funds (Pursuant to TX. GOV'T. CODE, Sec. 501.014(c)). Appellant attempts to appeal this "order." Appellant's notice of appeal also asked the trial court to rescind or modify the withdrawal notification. On April 12, 2010, Appellant filed a Second Motion To The Court Requesting It To Rescind Its Order Based Upon No Subject Matter Jurisdiction. Finding that the withdrawal notification is not an appealable order, we abate this appeal pending the trial court's disposition of Appellant's request for rescission or modification.
 Background
By the withdrawal notification at issue, the trial court directed the Texas Department of Criminal Justice Institutional Division to withhold from Appellant's account the sum of $2,228.50, consisting of $1,950 for attorney's fees and other miscellaneous court costs. A Bill of Costs, generated the same date that the withdrawal notification was entered, was attached. 
In Harrell v. State, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to § 501.014(e) is a civil matter akin to a garnishment action or an action to obtain a turnover order. Harrell, 286 S.W.3d at 317-19. Discussing the due process accorded to the appellant, the Court balanced the three factors discussed in Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and found that Harrell had "already received some measure of due process." Harrell, 286 S.W.3d at 320. In determining whether Harrell was accorded constitutional due process, the Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification), he received all that due process required. Id. at 321. The Court added that neither notice nor an opportunity to be heard need occur before the funds are withdrawn. Id.
By his pro se brief, Appellant asserts the withdrawal notification violates his due process rights, attacks the notification as void due to lack of subject matter jurisdiction, and contends that if the notification is valid, then section 501.014(e) of the Texas Government Code is unconstitutional. By its brief, the State questions the finality of the withdrawal notification asserting that no final, appealable order has been entered.
We agree with the State that no final, appealable order has been entered by the trial court. Because the trial court has yet to rule on Appellant's motion to rescind or modify the withdrawal notification, we are unable to determine if Appellant has been given all that due process requires and, accordingly, we find Appellant's notice of appeal to be premature. See Tex. R. App. P. 27.1(a) and 27.2. 
Accordingly, this Court abates this appeal for 90 days from the date of this order to allow Appellant time to take such action as is necessary to (1) present his motion to the trial court; (2) schedule any necessary hearing; and (3) obtain from the trial court a final, appealable order addressing that motion. See Iacono v. Lyons, 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.).
If the trial court enters an appealable order addressing Appellant's motion to rescind or modify the withdrawal notification, all appellate briefing deadlines shall proceed in accordance with Rule 38.6 of the Texas Rules of Appellate Procedure. If the trial court does not enter an appealable order within the time frame allowed, this appeal will be subject to dismissal or further abatement. See Ramirez v. State, 318 S.W.3d 906 (Tex.App.--Waco 2010, no pet.) (dismissing appeal from a withdrawal notification after finding there was no final, appealable order).
It is so ordered.
 Per Curiam