NO. 07-10-0259-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

NOVEMBER 10, 2010

 

______________________________

 

 

RICHARD DEWAYNE SNELSON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

 

FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 16,447-B; HONORABLE JOHN B. BOARD , JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

On March 9, 2005, Appellant was convicted of possession of a
controlled substance with intent to deliver in a drug-free zone, enhanced, and
sentenced to sixty years confinement.  Although
the judgment of conviction recited "that the State of Texas do have and
recover of the said defendant all costs in this proceeding incurred," the
summary portion of the judgment left blank the amount of those costs.  That judgment became final and mandate issued
on October 5, 2007.  

 More than two years
later, using the same cause number,
the trial court signed and entered an Order to Withdraw Inmate Funds (Pursuant to
TX. GOV'T. CODE, Sec. 501.014(c)). 
Appellant attempts to appeal this "order."[1]  Appellant's notice of appeal also asked the
trial court to rescind or modify the withdrawal notification.  On April 12, 2010, Appellant filed a Second Motion To The Court Requesting It To
Rescind Its Order Based Upon No Subject Matter Jurisdiction.  Finding that the withdrawal notification is
not an appealable order, we abate this appeal pending the trial court's disposition
of Appellant's request for rescission or modification.

Background

By the withdrawal notification at issue, the trial court
directed the Texas Department of Criminal Justice Institutional Division to
withhold from Appellant's account[2]
the sum of $2,228.50, consisting of $1,950 for attorney's fees[3]
and other miscellaneous court costs.  A Bill of Costs, generated the same date
that the withdrawal notification was entered, was attached.  

In Harrell v. State, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme
Court held that a withdrawal notification directing prison officials to
withdraw money from an inmate account pursuant to § 501.014(e) is a civil
matter[4]
akin to a garnishment action or an action to obtain a turnover order.  Harrell, 286 S.W.3d at 317-19.  Discussing the due process accorded to the
appellant, the Court balanced the three factors discussed in Mathews v. Eldridge, 424 U.S.
319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and found that Harrell had "already received some measure of due
process."  Harrell, 286 S.W.3d at 320.  In
determining whether Harrell was accorded constitutional due process, the Court concluded
that because Harrell had received notice of the withdrawal (a copy of the
withdrawal notification) and an opportunity to contest the dollar amount and
statutory basis of the withdrawal (a motion to rescind or modify the withdrawal
notification), he received all that due process
required.  Id. at 321.  The Court added that neither notice nor an
opportunity to be heard need occur before the funds are withdrawn.  Id.

By his pro se brief, Appellant
asserts the withdrawal notification violates his due process rights, attacks
the notification as void due to lack of subject matter jurisdiction, and
contends that if the notification is valid, then section 501.014(e) of the
Texas Government Code is unconstitutional. 
By its brief, the State questions the finality of the withdrawal
notification asserting that no final, appealable order has been entered.

We agree with the State that no
final, appealable order has been entered by the trial court.  Because the trial court has yet to rule on
Appellant's motion to rescind or modify the withdrawal notification, we are
unable to determine if Appellant has been given all that due process requires
and, accordingly, we find Appellant's notice of appeal to be premature.  See
Tex. R. App. P. 27.1(a) and 27.2.  

Accordingly, this Court abates this
appeal for 90 days from the date of this order to allow Appellant time to take
such action as is necessary to (1) present his motion to the trial court; (2)
schedule any necessary hearing; and (3) obtain from the trial court a final,
appealable order addressing that motion. 
See Iacono
v. Lyons, 6 S.W.3d 715 (Tex.App.--Houston [1st
Dist.] 1999, no pet.).

If the trial court enters an
appealable order addressing Appellant's motion to rescind or modify the
withdrawal notification, all appellate briefing deadlines shall proceed in
accordance with Rule 38.6 of the Texas Rules of Appellate Procedure.  If the trial court does not enter an
appealable order within the time frame allowed, this
appeal will be subject to dismissal or further abatement.  See Ramirez
v. State, 318 S.W.3d 906 (Tex.App.--Waco 2010, no
pet.) (dismissing appeal from a withdrawal
notification after finding there was no final, appealable order).

It is so ordered.

                                                                        Per
Curiam

 

 

 











[1]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The controlling
statute, Tex. Gov't Code Ann. §
501.014(e) (Vernon Supp. 2010), describes the process as a "notification
by a court" directing prison officials to withdraw sums from an inmate's
account, in accordance with a schedule of priorities set by the statute, for
the payment of "any amount the inmate is ordered to pay by order of the
court."  See id. at § 501.014(e)(1)-(6). 
See also Harrell v. State, 286
S.W.3d 315, 316, n.1 (Tex. 2009).  This
document is more akin to a judgment nisi. 
A judgment nisi, commonly used in bond forfeiture proceedings, is a
provisional judgment entered when an accused fails to appear for trial.  A judgment nisi triggers the issuance of a capias and it serves as notice of the
institution of a bond forfeiture proceeding. 
It is not final or absolute, but may become final.  See
Safety Nat'l Cas. Corp. v. State, 273 S.W.3d 157, 163
(Tex.Crim.App. 2008). Nisi means "unless," so a
judgment nisi is valid unless a party takes action causing it to be
withdrawn.  Id.  Similarly, a withdrawal
notification issued pursuant to §
501.014(e), triggers the withdrawal from an inmate account, serves as notice of
the collection proceeding, and continues to operate unless the inmate takes
action causing the notification to be withdrawn.  Therefore, rather than refer to that document
as an order, we prefer to use the term "withdrawal notification" to
avoid confusion with an underlying court order or judgment actually ordering
the payment of a sum certain, falling within at least one of the six priority
categories listed in the statute.

 





[2]Several
courts, including this Court, have frequently referred to these inmate accounts
as "trust" accounts.  The term
"trust" has been removed from their statutory references.  Act of May 11, 1989, 71st Leg.,
R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918, 958, amended by, Act of May 17, 1999, 76th
Leg., R.S., ch. 326, §1 1999 Tex. Gen. Laws 1235,
1236 (current version at Tex. Gov't Code Ann. §
501.014 (Vernon Supp. 2010)). 
Accordingly, they are simply inmate accounts.

 





[3]Attorney's
fees for court-appointed counsel are not properly includable as a cost of court
without a judicial determination that the defendant has financial resources
that enable him to offset in part or in whole the costs of the legal services
provided.  Tex. Code
Crim. Proc. Ann. art. 26.05(g) (Vernon 2010); Mayer v. State, 309 S.W.3d 552, 556 (Tex.Crim.App. 2010).  

 





[4]See Johnson v. Tenth Judicial District Court
of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008) (holding that
orders directing withdrawal of funds from inmate trust accounts are not a
criminal matter).