NO. 07-10-0503-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MARCH 3, 2011

______________________________

 

 

SALVADOR ELISEO PENA, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 18,827-A; HONORABLE DAN SCHAAP, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER OF ABATEMENT

On November 22, 2010, the trial
court entered an Order to Withdraw Funds
pursuant to section 501.014(e) of the Texas Government Code.  By the withdrawal notification, the trial
court directed the Institutional Division of the Texas Department of Criminal Justice
to withhold $291.50 for costs and fees from Appellant's "inmate trust
account."[1]  Although Appellant's 2008 judgment of
conviction provides that the "State of Texas do have and recover of said
[Appellant] all court costs in this prosecution expended for which execution
will issue," the summary portion of the judgment leaves the amount of costs
blank.  A contemporaneous bill of costs
was not issued by the District Clerk.

            In
Harrell v. State, 286 S.W.3d 315
(Tex. 2009), the Texas Supreme Court held that a withdrawal notification
directing prison officials to withdraw money from an inmate account pursuant to
section 501.014(e) is a civil matter[2] akin to
a garnishment action or an action to obtain a turnover order.  Id. at 317-19.  In
determining whether Harrell was accorded constitutional due process in that
proceeding, the Court balanced three factors discussed in Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and noted that Harrell had "already
received some measure of due process." 
Harrell, 286
S.W.3d at 320.

            The three Eldridge factors considered in Harrell are: (1) the private interest
affected by the official action, (2) the risk of an erroneous deprivation of
such interests through the procedures used, and the probable value, if any, of
additional or substitute procedural safeguards, and (3) the Government's
interest, including the function involved and the fiscal and administrative
burdens that additional or substitute procedural requirements would entail.  The Court found the private interest to be
easily ascertainable--"the amount identified in a prior court document,"
i.e., "the costs assessed when the convicting court sentenced
him."  Id. at 320.  Regarding the risk of erroneous
deprivation, the Court identified the risk as modest where withdrawal
notifications under the statute are based on an amount identified in a previous
court document.  See Tex. Gov't Code Ann. § 501.014(e)(1)-(6)
(West Supp. 2010).  The Court noted that
"Harrell was . . . notified of the costs assessed when the convicting
court sentenced him" and he was free to contest them at the time they were
assessed. Harrell, 286
S.W.3d at 320.  However, the Court
went on to recognize there could be a greater risk of erroneous deprivation in
instances in which the amount in the withdrawal notification varied from the
amount in the underlying judgment or those instances where there were clerical
or other errors.  Id.  In assessing the final
factor, the Government's interest, the Court addressed the fiscal and
administrative burdens of added or alternative procedures and concluded that
the Texas Department of Criminal Justice would face expending more money than
it would collect if it were required to conform to "full-blown"
statutory garnishment requirements.  In
the Court's opinion, such a drawn-out procedure might subvert the Legislature's
goal of efficient cost-collection.  Id.

Harrell had been convicted of drug
charges in 1997 and 2003.  In 2006, the
convicting trial court signed an order authorizing the Texas Department of
Criminal Justice to withdraw funds from his inmate account to pay for court
costs and fees for appointed counsel. 
Harrell was provided with copies of the withdrawal notifications.  He then moved to rescind the withdrawal
notifications alleging denial of due process. 
His motion was denied, and his direct appeal to this Court was dismissed
for want of jurisdiction on the ground that no statutory mechanism was
available for appealing a withdrawal notification.  See
Harrell v. State, Nos. 07-06-0469-CR and 07-06-0470-CR, 2007 Tex. App. LEXIS
6416, at *3 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex.
2008). 

            In
reversing this Court and rendering judgment affirming the trial court's order denying Harrell's motion to rescind,
the Supreme Court held that due process entitles an inmate to receive notice[3]
and an opportunity to be heard, even though those requirements might be
accorded the inmate after funds are withdrawn. 
Harrell, 286
S.W.3d at 321.  It concluded that
because Harrell had received notice (a copy of the withdrawal notification) and an opportunity to be heard[4]
(the motion to rescind), he had received all that due process required.  Id.  The Court added, "[t]he Constitution
does not require pre-withdrawal notice or a comprehensive civil garnishment
proceeding."  Id.

On the limited record before this
Court, we are unable to determine if Appellant has been given all that due
process requires.  Appellant filed a
"Motion for New Trial," on December 17, 2010, challenging the
withdrawal notification.  However,
because no trial was actually held, we construe the "Motion for New
Trial" as a request to modify, correct, or rescind the withdrawal
notification.  Because the trial court
has not entered an appealable order either granting or denying Appellant's
motion, we find Appellant's notice of appeal
to be premature.

Accordingly, this Court sua sponte abates this appeal for ninety
days from the date of this order to allow Appellant time to take such action as
is necessary to (1) present his motion to the trial court; (2) schedule any
necessary hearing; and (3) obtain from the trial court an appealable order
addressing that motion.  See Tex. R. App. P. 27.2.  See
also Iacono v. Lyons, 6 S.W.3d 715
(Tex.App.--Houston [1st Dist.] 1999, no pet.). 
If the trial court enters an appealable order addressing Appellant's
motion, all appellate briefing deadlines shall proceed
in accordance with Rule 38.6 of the Texas Rules of Appellate Procedure.  If the trial court does not enter an
appealable order within the time frame allowed, this
appeal will be subject to dismissal or further abatement.  See
Ramirez v. State, 318 S.W.3d 906 (Tex.App.--Waco
2010, no pet.) (dismissing appeal from a withdrawal
notification after finding there was no appealable order).

            It
is so ordered.

                                                                                    Per
Curiam

 











[1]Several
courts, including this Court, have referred to these inmate accounts as
"trust" accounts.  The term
"trust" has been removed from their statutory references.  Act of May 11, 1989, 71st Leg.,
R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918, 958, amended by, Act of May 17, 1999, 76th
Leg., R.S., ch. 326, §1, 1999 Tex. Gen. Laws 1235,
1236 (current version at Tex. Gov't Code Ann. §
501.014 (West Supp. 2010)).  Accordingly,
they are simply inmate accounts.

 





[2]See Johnson v. Tenth Judicial
District Court of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008)
(holding that orders directing withdrawal of funds from inmate trust accounts
is not a criminal matter).

 





[3]In
assessing the risk of erroneous deprivation of property, the Supreme Court in Harrell considered the risk to be
"modest" because notice under the statute is "based on an amount identified in a prior court document."  Harrell,
286 S.W.3d at 320 (emphasis added). 
The Court went on to comment that the risk would be minimized if the
trial court included a copy of the underlying order or judgment that assessed
costs when it issues a withdrawal notification. 
We wholeheartedly adopt the Supreme Court's recommendation in this
regard.  We express no opinion as to
whether a clerk issued bill of costs or a statement in an underlying court
document which merely assesses "costs of court" against the defendant
without stating the basis or amount of those costs constitutes adequate notice
for purposes of due process.  

 





[4]While
the court of appeals's opinion is silent on whether a
hearing was held on Harrell's motion to rescind, Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App.
LEXIS 6416 (Tex.App.--Amarillo, Aug. 13, 2007), rev’d, 286 S.W.3d 315 (Tex.
2008), the trial court did enter a specific order denying his motion to rescind
the withdrawal notification.  We read the
Supreme Court's opinion as assuming that, by this process, Harrell was given
"an opportunity to be heard."  Harrell, 286 S.W.3d at
321.