

# IN THE
# TENTH COURT OF APPEALS

———————————

**No. 10-10-00006-CV**
**No. 10-10-00007-CV**

**DAVID JONES, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

———————————

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court Nos. 1986-679-C and 2003-964-C**

## MEMORANDUM OPINION

In these two companion cases, Appellant David Jones, Jr. complains in three issues about the trial court's entry of post-judgment orders to the Texas Department of Criminal Justice to withdraw funds from Jones's inmate account.

The judgment in Jones's 1986 burglary case (No. 1986-679-C2), in which Jones pled guilty, assessed court costs of $307. The district clerk's bill of costs reflects that, of the $307 amount, $107 was for statutory court costs and $200 was for Jones's appointed attorney's fee. In December 2009, the trial court entered an order under Government

Code subsection 501.014(e) to the Texas Department of Criminal Justice directing the withdrawal of $307 from Jones's inmate account. Jones filed a notice of appeal of that order. The judgment in Jones's 2003 attempted burglary case (No. 2003-964-C2), in which Jones was convicted, assessed court costs of $393. The district clerk's bill of costs reflects that $198 was for statutory court costs, $20 was the jury fee, and $175 was the sheriff's fees. In December 2009, the trial court entered a similar order under subsection 501.014(e) to the Texas Department of Criminal Justice directing the withdrawal of $393 from Jones's inmate account. Jones also directly appealed that order.

Citing *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), the State contends that Jones should have petitioned (but failed to) the convicting court to contest the State's collection of costs via the subsection 501.014(e) order. And last year (after the briefing was completed in these two cases), this Court determined that a trial court's "order" under subsection 501.014(e) is a notice, not an appealable order, and that we lack jurisdiction over direct appeals from subsection 501.014(e) notices. *See Ramirez v. State*, 318 S.W.3d 906, 907-08 (Tex. App.—Waco 2010, no pet.). Accordingly, we dismiss these two appeals for lack of jurisdiction.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeals dismissed
Opinion delivered and filed October 26, 2011
[CV06]