**Opinion filed August 16, 2012**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00182-CV, 11-12-00183-CV, 11-12-00184-CV, 11-12-00185-CV, 11-12-00186-CV, 11-12-00187-CV, 11-12-00188-CV, 11-12-00189-CV, & 11-12-00190-CV

_____

### JASPER CANADY ENGLAND, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 20th District Court**

**Milam County, Texas**

**Trial Court Cause Nos. CR23,124; CR23,125; CR23,126; CR23,277; CR23,278; CR23,279; CR23,387; CR23,388; & CR23,389**

### M E M O R A N D U M   O P I N I O N

In each of the cases, Jasper Canady England filed a pro se notice of appeal on June 15, 2012, from the trial court's order to withdraw funds that was signed on February 3, 2012. The orders authorized the payment from appellant's inmate trust account of court costs, fees, fines, and restitution as reflected in the orders and assessed in the respective February 3, 2012 judgments of conviction. Upon receiving the clerk's records, this court wrote appellant and informed him that his notices of appeal were untimely and also that it did not appear that final,

appealable orders had been entered. We requested that appellant respond and show grounds to continue these appeals. *See* Tex. R. App. P. 42.3. Appellant has not filed a response in this court, but we have received supplemental clerk's records containing appellant's filings in the trial court, which include a motion to abate and remand these causes to the trial court. Appellant asserts in that motion that he has not had the opportunity to challenge in the trial court the dollar amounts assessed and the amounts withdrawn.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). A notice or order to withdraw funds is not a final, appealable order. *See Harrell v. State*, 286 S.W.3d 315, 316 n.1, 321 (Tex. 2009) ("withdrawal order" is actually a notification from the court, not an order); *Ramirez v. State*, 318 S.W.3d 906 (Tex. App.—Waco 2010, no pet.). The clerk's records show that appellant has not filed in the trial court any post-notification motion, such as a motion to strike the order to withdraw inmate funds. An order ruling on such a motion would be appealable. *See Harrell*, 286 S.W.3d 315. At this time, there is no appealable order with respect to the withdrawal of funds from appellant's inmate trust account because appellant has not filed and obtained a ruling on a post-notification motion.

Consequently, we dismiss these appeals for want of jurisdiction.

PER CURIAM

August 16, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.