Opinion filed August 16,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

               Nos. 11-12-00182-CV,
11-12-00183-CV, 11-12-00184-CV, 

                   11-12-00185-CV,
11-12-00186-CV, 11-12-00187-CV, 

                  11-12-00188-CV,
11-12-00189-CV, & 11-12-00190-CV

                                                    __________

 

                           JASPER
CANADY ENGLAND, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 20th District Court

 

                                                            Milam
County, Texas

 

                    Trial Court Cause Nos. CR23,124; CR23,125;
CR23,126; CR23,277; 

                             CR23,278; CR23,279;
CR23,387; CR23,388; & CR23,389

 



 

                                            M
E M O R A N D U M   O P I N I O N

In
each of the cases, Jasper Canady England filed a pro se notice of appeal on
June 15, 2012, from the trial court’s order to withdraw funds that was signed
on February 3, 2012.  The orders authorized the payment from appellant’s inmate
trust account of court costs, fees, fines, and restitution as reflected in the
orders and assessed in the respective February 3, 2012  judgments of
conviction.  Upon receiving the clerk’s records, this court wrote appellant and
informed him that his notices of appeal were untimely and also that it did not
appear that final, appealable orders had been entered.  We requested that
appellant respond and show grounds to continue these appeals.  See Tex. R. App. P. 42.3.  Appellant has
not filed a response in this court, but we have received supplemental clerk’s
records containing appellant’s filings in the trial court, which include a
motion to abate and remand these causes to the trial court.  Appellant asserts
in that motion that he has not had the opportunity to challenge in the trial
court the dollar amounts assessed and the amounts withdrawn.

Unless
specifically authorized by statute, appeals may be taken only from final
judgments.  Tex. A & M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 840–41
(Tex. 2007); Lehmann v. Har‑Con Corp., 39 S.W.3d 191 (Tex.
2001).  A notice or order to withdraw funds is not a final, appealable order.  See
Harrell v. State, 286 S.W.3d 315, 316 n.1, 321 (Tex. 2009) (“withdrawal
order” is actually a notification from the court, not an order); Ramirez v.
State, 318 S.W.3d 906 (Tex. App.—Waco 2010, no pet.).  The clerk’s records
show that appellant has not filed in the trial court any post-notification
motion, such as a motion to strike the order to withdraw inmate funds.  An
order ruling on such a motion would be appealable.  See Harrell, 286
S.W.3d 315.  At this time, there is no appealable order with respect to the
withdrawal of funds from appellant’s inmate trust account because appellant has
not filed and obtained a ruling on a post-notification motion.

Consequently,
we dismiss these appeals for want of jurisdiction.

  

                                                                                    PER
CURIAM

 

August 16, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.