**Opinion issued December 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00109-CV

_____

**JEFFREY STEVEN MARX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 33rd District Court**
**Burnet County, Texas**
**Trial Court Case No. 7723**

---

**MEMORANDUM OPINION**

Appellant Jeffrey Steven Marx was convicted of two counts of aggravated sexual assault of a child. *See Marx v. State*, No. 03-98-00412-CR, 1999 WL 1080090, at *1 (Tex. App.—Austin Dec. 2, 1999, pet. ref'd). The jury assessed punishment on each count at confinement for life and a fine of $10,000. *See id.* The

Third Court of Appeals affirmed the judgment in 1999, and the Court of Criminal Appeals refused his petition for review. *See id.* On October 31, 2013, the trial court entered an "Order to Withdraw Funds" from Marx's inmate account to recover the fines and court costs imposed in the judgment of conviction. Marx has filed a *pro se* notice of appeal challenging the order to withdraw funds.

Section 501.014(e) of the Texas Government Code governs the withdrawal of funds from an inmate's account for the recovery of fines and court costs. *See* TEX. GOV'T CODE ANN. § 501.014(e) (West 2012). Proceedings under section 501.014(e) "are civil in nature and not part of the underlying criminal case." *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009).

Unless specifically authorized by statute, this Court may only review final, appealable orders and judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). "An 'order to withdraw funds' is not considered a final, appealable order; it is merely a 'notification by a court' instructing prison officials to withdraw funds from an inmate's account as required by statute." *Nesby v. State*, No. 03-13-00688-CV, 2013 WL 6805669, at *1 (Tex. App.—Austin Dec. 20, 2013, no pet.) (mem. op.) (first citing *Harrell*, 286 S.W.3d at 316; and then citing *Goodspeed v. State*, 352 S.W.3d 714, 715 (Tex. App.—Amarillo 2011, pet. denied); and then citing *Ramirez v. State*, 318 S.W.3d 906, 907 (Tex. App.—Waco 2010, pet. ref'd)). Although an inmate may appeal from a trial court's final order denying the inmate's

2

motion to modify or rescind the withdrawal, no such order appears in the record. *Id.* (first citing *Harrell*, 286 S.W.3d at 317; and then citing *Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied)).

On November 24, 2015, the Clerk of this Court notified Marx that this Court might dismiss this appeal for want of jurisdiction unless Marx timely filed a response demonstrating this Court's jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). In response, Marx filed a motion to dismiss his appeal for want of jurisdiction. Accordingly, we grant the motion and dismiss the appeal for want of jurisdiction. *See id.* We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Huddle, and Lloyd.