# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-16-00117-CR
NO. 03-16-00118-CR
NO. 03-16-00119-CR

**Benjamin Bustos, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NOS. D-1-DC-12-300636, D-1-DC-12-300942 & D-1-DC-12-301439
HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In each of the above causes, appellant Benjamin Bustos pleaded guilty to the offense of burglary of a habitation and was sentenced to 40 years' imprisonment, with the sentences to run concurrently. Each judgment of conviction was accompanied by an "order to withdraw funds" from Bustos's inmate trust account to recover court costs. Bustos has now filed a pro se notice of appeal from each of the three orders to withdraw funds.

The withdrawal of funds from an inmate's account for the recovery of court fees and other costs assessed against the inmate is governed by section 501.014(e) of the Texas Government Code.[1] Proceedings to recover costs under section 501.014(e) "are civil in nature and not part of the

---

[1] *See* Tex. Gov't Code § 501.014(e).

underlying criminal case."[2]  In civil cases, unless specifically authorized by statute, appeals may be taken only from final orders or judgments.[3]  An "order to withdraw funds" is not considered a final, appealable order; it is merely a "notification by a court" instructing prison officials to withdraw funds from an inmate's account as required by statute.[4]  An inmate may appeal from a trial court's final order denying the inmate's motion to modify or rescind the withdrawal.[5]  However, in these causes, there is no such order in the record.  Accordingly, we dismiss each of these appeals for want of jurisdiction.[6]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed:   July 20, 2016

Do Not Publish

---

[2]  *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009).

[3]  *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

[4]  *See Harrell*, 286 S.W.3d at 316 n.1 (citing Tex. Gov't Code § 501.014(e)); *Goodspeed v. State*, 352 S.W.3d 714, 715 (Tex. App.—Texarkana 2011, pet. denied); *Ramirez v. State*, 318 S.W.3d 906, 907 (Tex. App.—Waco 2010, no pet.).

[5]  *See Harrell*, 286 S.W.3d at 317; *Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied); *see also England v. State*, No. 03-12-00635-CV, 2013 Tex. App. LEXIS 6660, at *2-8 (Tex. App.—Austin May 31, 2013, pet. denied) (mem. op.).

[6]  *See Ramirez*, 318 S.W.3d at 908.