

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-19-00319-CV**

**KENNETH RAY BROWN**
**AKA RAYMOND LEWIS BROWN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 94-324-C**

## OPINION

Kenneth Ray Brown a/k/a Raymond Lewis Brown, an inmate, is attempting to appeal from the trial court's "order" to withdraw funds from his inmate account "to pay attorney's fee and other bill of costs." We will dismiss this appeal for want of jurisdiction.

Section 501.014(e) of the Government Code governs the withdrawal of funds from an inmate's account for the recovery of court fees and costs assessed against the inmate. *See* TEX. GOV'T CODE ANN. § 501.014(e). Proceedings under section 501.014(e) to recover

court fees and costs assessed against inmates "are civil in nature and not part of the underlying criminal case." *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009). In civil cases, unless specifically authorized by statute, appeals may be taken only from final orders or judgments. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012; *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Although called an "order," an "order" to withdraw funds is not a final, appealable order; it is a notice to the Texas Department of Criminal Justice to withdraw funds from an inmate's account under section 501.014(e). *Ramirez v. State*, 318 S.W.3d 906, 907-08 (Tex. App.—Waco 2010, no pet.); *see Jones v. State*, No. 10-10-00006-CV, 2011 WL 5221243, at *1 (Tex. App.—Waco Oct. 26, 2011, no pet.) (mem. op.); *see also Harrell*, 286 S.W.3d at 316 n.1. On the other hand, an inmate may appeal from a trial court's final order denying the inmate's motion to modify or rescind the withdrawal. *See Ramirez*, 318 S.W.3d at 908 ("Only when [the withdrawal notification is] properly challenged and denied relief is there a trial court order that is final from which the inmate . . . can appeal."). In this case, however, there is no final order denying any motion to modify or rescind the withdrawal of funds from Brown's inmate account. In Brown's "petition of appeal," which we have determined is his notice of appeal, Brown states that he has attempted to file with the trial court clerk a "motion to quash attorney's fee and other bill of costs." But, Brown asserts that the trial court has not responded to his motion.

The Clerk of this Court notified Brown that, unless he showed grounds for continuing this appeal, it was subject to dismissal for want of jurisdiction. Brown subsequently filed a "Motion for Continuation of Appeal to Pay Attorney's Fee and Other

Bill of Costs."  Brown, however, has not shown grounds for continuing this appeal. Accordingly, we deny Brown's "Motion for Continuation of Appeal to Pay Attorney's Fee and Other Bill of Costs," and we dismiss this appeal for want of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Motion denied; appeal dismissed
Opinion delivered and filed October 9, 2019
[CV06]

