

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00019-CV

———————————————————

STEVEN A. HAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. F-2005-1603-B

---

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Steven A. Hayes appeals from the trial court's postconviction order denying his motion to correct a $250 error in the Denton County District Clerk's 2013 bill of costs from his 2009 conviction; according to Hayes, the trial court relied on that error in ordering the $250 to be withdrawn from his inmate account. We affirm.

## Background

Hayes questioned the propriety of the $250 DNA-testing fee included in the bill of costs from his aggravated-sexual-assault conviction after learning in a 2018 DNA-testing proceeding that "no biological evidence suitable for testing was collected during the investigation of th[e] case." He filed a motion to correct the bill-of-costs "error," and he also sought reimbursement of the $250, which the State had ostensibly withdrawn from his inmate account.[1]

The trial court denied Hayes's motion. After Hayes requested findings of fact and conclusions of law, the trial court adopted the State's proposed findings and

---

[1]Although Hayes did not file his motion until November 1, 2019, many years after being notified that $528 in total costs would be withdrawn from his inmate account, the Texas Supreme Court has held that an inmate may complain about potential errors in a withdrawal order after the funds are withdrawn. *See Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009); *see also Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.) (holding that appellate-court review of trial-court action on withdrawal notice "will be after [inmate] has challenged the court's notice/order by motion, thus giving the trial court the opportunity to correct it if it is erroneous"). The appellate record includes an amended bill of costs issued on March 9, 2020, showing that Hayes still owed $226.62 of the assessed court costs; thus, the entire $250 of which he complained had not yet been withdrawn.

conclusions. The trial court determined that Hayes's motion should be denied because former Code of Criminal Procedure Article 102.020 required the $250 DNA-testing fee to be paid upon conviction even if the State had not collected DNA while investigating the underlying offense.

## Analysis

Effective from 2001 until 2019, former Article 102.020(a)(1) required court clerks to collect $250 "on conviction of an offense" listed in Government Code Section 411.1471(a)(1). Act of May 25, 2001, 77th Leg., ch. 1490, § 6, 2001 Tex. Gen. Laws 5290, 5293, *repealed by* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, SB 346, § 1.19(7). Hayes's underlying indictment alleged that he committed aggravated sexual assault—listed in Section 411.1471(a)(1)(N)—on or about January 14, 2005.[2] Tex. Gov't Code Ann. § 411.1471(a)(1)(N); Tex. Penal Code Ann. § 22.021.

Nothing in the plain language of former Article 102.020 shows that the Legislature intended for it to apply only to convictions in which DNA was collected to prosecute the underlying crime; it contains no such limiting language. *See Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020) ("[W]e effectuate [a statute's]

---

[2]Hayes incorrectly asserts in his brief that Article 102.020 "was not the law in effect at the time of the commission of the crime." Because Article 102.020 applied to his offense when he committed it in 2005, we need not consider his ex-post-facto-law analysis. *See Grimes v. State*, 807 S.W.2d 582, 587 (Tex. Crim. App. 1991) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 n.13, 101 S. Ct. 960, 964 n.13 (1981)) ("*[E]x post facto* analysis . . . concern[s] solely . . . whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred . . . .").

plain language so long as doing so does not lead to absurd results."). Instead, as the Court of Criminal Appeals has pointed out, former Article 102.020 was intended, at least in part, to fund the State's criminal-justice planning account; that account funded DNA collection for certain offenders, including sex offenders, at the time of their convictions, and it also funded database maintenance for their DNA results. *Peraza v. State*, 467 S.W.3d 508, 518–19 (Tex. Crim. App. 2015); *see also* Tex. Gov't Code Ann. § 411.1471(b), (d) (enacted in 2001).

We thus agree with the trial court that the $250 DNA-testing fee was properly assessed against Hayes and ordered to be withdrawn from his inmate account. We overrule Hayes's complaint to the contrary.

Hayes's brief includes other complaints about the $250 cost. To the extent he properly raised those complaints in the trial court, we overrule them as well. *See* Tex. R. App. P. 33.1(a). First, his complaints that the trial court arbitrarily assessed the $250 DNA-testing fee and that the State illegally converted the $250 by withdrawing it from his inmate account turn on his overruled argument that the DNA-testing fee was improperly assessed and ordered to be withdrawn. Second, the Texas Supreme Court has held that an inmate need not be provided an opportunity to complain about a withdrawal order before the trial court issues it. *Harrell*, 286 S.W.3d at 321. And third, contrary to Hayes's assertion, neither the 2013 bill of costs nor the amended 2020 bill of costs included amounts for attorney's fees, a separate $34 DNA-testing fee for persons placed on community supervision, or a restitution-installment fee.

4

## Conclusion

Accordingly, we overrule all of Hayes's complaints and any pending motions in this court, and we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 15, 2021