Opinion filed August 26, 2021



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00187-CV

_____

## IN RE SHAWN ALAN MCDOUGAL

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Shawn Alan McDougal, Relator, has filed an original petition for writ of mandamus in this court. The petition relates to the withdrawal of funds from Relator's inmate account. Relator asserts that the former judge of the 161st District Court of Ector County erroneously assessed attorney's fees as costs even though Relator had been deemed indigent.[1] Relator requests that we order that any funds removed from his inmate trust fund account be returned to the account.

---

[1]Relator was convicted in 2000 of murder and sentenced to imprisonment for life. *See McDougal v. State*, No. 08-00-00391-CR, 2002 WL 1732545, at *1 (Tex. App.—El Paso July 25, 2002, no pet.) (not designated for publication).

Because Relator has an adequate remedy by appeal, we deny Relator's request for mandamus relief.

Mandamus relief is an extraordinary remedy. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Accordingly, mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

Relator has failed to show that he does not have an adequate remedy by appeal. The Texas Government Code provides that, upon "notification by a court," prison officials are to withdraw sums from an inmate's account in accordance with a schedule of priorities set by the statute. TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2020); *see also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). A notification issued pursuant to Section 501.014(e) triggers the withdrawal of funds from an inmate account, serves as notice of the collection proceeding, and continues to operate unless and until the inmate takes action causing the notification to be withdrawn. *See Williams v. State*, 332 S.W.3d 694, 696 n.2 (Tex. App.—Amarillo 2011, pet. denied). Although a notice or order to withdraw funds is not an appealable order, an order ruling on a motion to strike or rescind an order to withdraw inmate funds would be appealable. *Harrell*, 286 S.W.3d at 316 n.1, 321; *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.). Thus, Relator's relief with respect to his inmate account lies in the filing of a motion to strike or a motion to rescind in the trial court and, if necessary, an appeal from a denial of such a motion. *See Harrell*, 286 S.W.3d at 321; *Ramirez*, 318 S.W.3d at 908. Because Relator has an adequate remedy by appeal, he has not

demonstrated that he is entitled to mandamus relief regarding the amount of costs to be withdrawn from his inmate account. *See Walker*, 827 S.W.2d at 842; *In re Mendoza*, No. 05-16-00383-CV, 2016 WL 1469593, at *1 (Tex. App.—Dallas Apr. 14, 2016, orig. proceeding) (mem. op.).

Accordingly, we deny Relator's petition for writ of mandamus.

PER CURIAM

August 26, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.