

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00049-CV

BRADLEY ALLEN KELLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

March 6, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Bradley Allen Keller, acting pro se, filed a notice of appeal from a "notification to prison officials to withdraw funds from inmate's trust account." By letter of February 7, 2023, we directed Keller to show how this Court has jurisdiction over the appeal. Appellant filed a response, but his response fails to show grounds upon which this appeal may continue.

Unless specifically authorized by statute, appeals may be taken only from final judgments or orders. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840-41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A "notice" to

withdraw funds is not a final, appealable order. *See Harrell v. State*, 286 S.W.3d 315, 316 n.1, 321 (Tex. 2009) ("withdrawal order" is actually a notification from the court, not an order); *Ramirez v. State*, 318 S.W.3d 906, 907-08 (Tex. App.—Waco 2010, no pet.). The documents on file in this court, including appellant's response and his notice of appeal, indicate that he attempts to appeal from a notice to withdraw funds. It does not appear that he filed any post-notification motion in a trial court of competent jurisdiction resulting in a final order. An order ruling on such a motion may be appealable. *See Harrell*, 286 S.W.3d 315. However, at this time, we have no appealable order in this case.

Accordingly, we dismiss this appeal for want of jurisdiction. *See Davila v. State*, No. 11-19-00071-CV, 2019 Tex. App. LEXIS 2519 *1-2 (Tex. App.—Eastland March 29, 2019 no pet.) (so dismissing).


Per Curiam

2