

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00023-CV

_____

MICHAEL FRED HOUSTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 46857-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Gregg County jury convicted Michael Fred Houston of aggravated robbery in 2019. The jury assessed a sentence of life imprisonment, and the trial court imposed that sentence on April 18, 2019, and ordered Houston to pay $249.00 in court costs. There is no indication in either the judgment of conviction or the bill of costs that the trial court imposed a fine or ordered restitution. The only assessment in either the judgment or the bill of costs is the $249.00 assessment for court costs. On March 1, 2024, the trial court signed an order to withdraw funds, instructing the Texas Department of Criminal Justice to withdraw $10,039.68 from Houston's inmate trust account. On March 28, 2024, Houston noticed this appeal from that order to withdraw funds.

"Section 501.014(e) of the [Texas] Government Code governs the withdrawal of funds from an inmate's account for the recovery of court fees and costs assessed against the inmate." *Brown v. State*, 594 S.W.3d 609, 610 (Tex. App.—Waco 2019, no pet.) (citing TEX. GOV'T CODE ANN. § 501.014(e)). "Proceedings under section 501.014(e) to recover court fees and costs assessed against inmates 'are civil in nature and not part of the underlying criminal case.'" *Id.* (quoting *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009)). "In civil cases, unless specifically authorized by statute, appeals may be taken only from final orders or judgments." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 51.012; *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)).

"Although called an 'order,' an 'order' to withdraw funds is not a final, appealable order; it is a notice to the Texas Department of Criminal Justice to withdraw funds from an inmate's

2

account under section 501.014(e)." *Id.*; *see Jewell v. State*, No. 06-10-00114-CV, 2011 WL 1642769, at \*1 n.1 (Tex. App.—Texarkana Apr. 29, 2011, no pet.) (mem. op.). "On the other hand, an inmate may appeal from a trial court's final order denying the inmate's motion to modify or rescind the withdrawal." *Brown*, 594 S.W.3d at 610 (citing *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.) ("Only when [the withdrawal notification is] properly challenged and denied relief is there a trial court order that is final from which the inmate . . . can appeal." (alteration in original))).

As we stated in *Jewell*, "The [order to withdraw funds] is not itself an appealable order, it is only a notification that the legislatively required withdrawal is to occur. The appealable order is the trial court's ruling on a motion to rescind." *Jewell*, 2011 WL 1642769, at \*1 (footnotes omitted). Here, Houston did not take the necessary step of filing and obtaining the trial court's ruling on a motion to rescind. Rather, he attempted to appeal directly from the trial court's order to withdraw funds. Because that order is not final or appealable, we lack jurisdiction over this appeal. *See id.*

We dismiss this appeal for want of jurisdiction.

                                    Charles van Cleef
                                    Justice

Date Submitted:     May 20, 2024
Date Decided:       May 21, 2024