NO. 07-11-0454-CV
NO. 07-11-0455-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 18, 2011

_____


IN RE EDWARD EMMETT CORKER, RELATOR

_____


ORIGINAL PROCEEDINGS ARISING OUT OF PROCEEDINGS
BEFORE THE 320TH DISTRICT COURT OF POTTER COUNTY;
NOS. 47,763-D & 47,764-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Edward Emmett Corker, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Don Emerson, Judge of the 320th District Court of Potter County, to rule on his motion to dismiss in which he challenges *Orders to Withdraw Funds* from his inmate account entered pursuant to section 501.014(e) of the Texas Government Code Annotated (West Supp. 2011). For the reasons expressed herein, we deny Relator's request.

## Background

On April 19, 2011, Relator was convicted of possession of a controlled substance, enhanced, in cause number 47,763-D, and sentenced to seven years confinement. That same day, he was also convicted of credit card abuse in cause number 47,764-D and sentenced to eighteen months in a state jail facility. According to documents filed with his petition for writ of mandamus, on May 11, 2011, the Potter County District Clerk filed a turnover order without a proceeding being held. Relator alleges, among other claims, due process violations due to the trial court's entry of *Orders to Withdraw Funds* from his inmate account. He also challenges the Bills of Costs.

## Mandamus Standard of Review

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). Additionally, a relator has the burden to provide a sufficient record to enable a reviewing court to consider the basis for the relief sought. *See Walker*, 827 S.W.2d at 837.

**Analysis**

Initially, we address Relator's failure to comply with some of the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. A petition for writ of mandamus must include Identity of Parties and Counsel, Table of Contents, Index of Authorities, Statement of the Case, Statement of Jurisdiction, Issues Presented, Statement of Facts, Argument, Prayer, Certification and Appendix. *See* Tex. R. App. P. 52.3(a)-(k). Although Relator's petition identifies the Honorable Don Emerson as Respondent, it does not contain a Table of Contents, Index of Authorities, Statement of the Case, Statement of Jurisdiction, Issues Presented, Statement of Facts, Argument,[1] and Certification. *See generally* Tex. R. App. P. 52.3. Although Relator includes certain items in his Appendix, he does not include a certified or sworn copy of the motion to dismiss, copies of the *Orders to Withdraw Funds* or copies of the Bills of Costs of which he complains. Exhibit B to Relator's petition is presumably a copy of the motion to dismiss the orders to withdraw funds filed in the trial court on which he seeks to have the trial court enter rulings. However, the motion does not bear a file stamp.[2] We are unable to determine whether the motion has been brought to the trial court's attention.[3] Showing that a motion was filed with the trial court clerk does not constitute proof that

---

[1]Relator's argument is not supported by citations to authority. Tex. R. App. P. 52.3(h).

[2]Relator alleges he filed his motion on August 15, 2011.

[3]When a motion is properly pending in the trial court, the act of considering and ruling upon it is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.--San Antonio 1997, orig. proceeding). Whether a reasonable time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.--Houston [1st Dist.] 1992, orig. proceeding). Other influential circumstances include the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex.App.--Amarillo 2003, orig. proceeding).

the motion was brought to the trial court's attention.  *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).

Recognizing that *pro se* filings may be reviewed less stringently than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), a party proceeding *pro se* must still comply with rules of procedure.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).  Even if we were to review Relator's request for mandamus relief with patience and liberality, he has not satisfied his burden to provide a sufficient record to enable this Court to consider his complaint.[4]  *See Walker*, 827 S.W.2d at 837.  Neither has he established his entitlement to mandamus relief.[5]

Consequently, Relator's petition for writ of mandamus is denied.

Patrick A. Pirtle
Justice

---

[4]Without copies of the *Orders to Withdraw Funds* and Bills of Costs, we are unable to determine the characterization or amounts authorized to be withdrawn from Relator's inmate account.  A certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether that bill is incorporated by reference into the written judgment.  *See generally* Tex. Code Crim. Proc. Ann. arts. 103.001 and 103.003 (West 2006 and Supp. 2011).  *See also* Tex. Gov't Code Ann. §§ 102.001-103.033 (West 2005 and Supp. 2011).  Court costs imposed as a matter of legislative directive may be withdrawn from an inmate's account without regard to his ability to pay and do not need to be included in the oral pronouncement of sentence or in the written judgment in order to be imposed upon a convicted defendant.  *See Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009).  *See also Williams v. State*, 332 S.W.3d 694 (Tex.App.--Amarillo 2011, pet. denied).  Repayment of court-appointed attorney's fees, however, is dependent on a defendant's ability to pay.  *See* Tex. Code Crim. Proc. Ann. art. 26.05(g).  *See also Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010).  Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed indigent for the remainder of the proceedings.  *Mayer*, 309 S.W.3d at 557.

[5]The trial court's disposition of an inmate's challenge to an *Order to Withdraw Funds* creates an appealable order.  *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.).  Mandamus will not lie when there is an adequate remedy by appeal.  *See Walker*, 827 S.W.3d at 839.