

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-11-00087-CV

---

MELVIN EARL GOODSPEED, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 00F0659-202

---

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

Melvin Earl Goodspeed was convicted of aggravated sexual assault of a child in 2001. He was sentenced to ninety-nine years' imprisonment and was ordered to pay $237.25 in court costs. On July 11, 2011, the trial court noticed a withdrawal of the $237.25 from Goodspeed's inmate trust account. Goodspeed appeals from a withdrawal notification on the grounds that it was issued outside of the trial court's "plenary power," "without any notice being given," and without an itemization of costs. We dismiss the appeal for want of jurisdiction.

Section 501.014(e) of the Texas Government Code provides that upon "notification by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection," and shall make payment "as ordered by the court." TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2010). A notification to withdraw funds can be issued "as payment in full for all orders for court fees and costs." TEX. GOV'T CODE ANN. § 501.014(e)(4). Proceedings under this section are civil in nature and are not part of the underlying criminal case. *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009).

The Texas Supreme Court held in *Harrell* that because these post-judgment collection efforts are designed to reimburse the State, and not to punish the inmate, "due process is satisfied if the inmate receives notice and the opportunity to be heard after funds are withdrawn." *Id.* The opportunity to be heard can be secured "via motion made by the inmate." *Id.* at 321. Here, it is clear that Goodspeed received a copy of the withdrawal notice. However, unlike the inmate in

2

*Harrell*, Goodspeed did not file a motion complaining of the notice with the trial court. Instead, he immediately filed this appeal.

As explained in *Harrell*, a withdrawal notification is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding. *Id.* at 316 n.1; *Bryant v. State*, No. 07-10-0358-CV, 2011 WL 2175769, at *1 n.3 (Tex. App.—Amarillo June 3, 2011, no pet.) (mem. op.); *Jewell v. State*, No. 06–10–00114–CV, 2011 WL 1642769, at *1 (Tex. App.—Texarkana Apr. 29, 2011, no pet.) (mem. op.) ("The trial court's ruling on the inmate's contest [to a withdrawal notification] is what can be appealed."). Because a notice of withdrawal is not an order, there is no final order from which Goodspeed may appeal. *Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied) (citing *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.) (holding that "[o]nly when [the withdrawal notification is] properly challenged and denied relief is there a trial court order that is final from which the inmate . . . can appeal")).

Accordingly, we dismiss the appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted: October 10, 2011
Date Decided: October 12, 2011

3