

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00106-CR

TERRENCE K. CUBA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-0434-12

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Terrence K. Cuba was sentenced to life imprisonment after a jury convicted him of robbery.[1] He was ordered to pay $247.00 in court costs. On appeal, Cuba argues that the trial court erred in awarding court costs because they were not supported by the statutorily required bill of costs.[2]

Cuba argues that the record does not contain "any information from which the Court can determine the basis for the $274 imposed." In a letter written to this Court November 13, 2012, the State agreed that the record did not contain a bill of costs. Consequently, the State "respectfully requeste[d] that the Court remand this case back to the trial court with instructions to obtain a certified copy of the bill of costs in this case showing the amount of court costs that should be assessed."

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] Cuba also complains of the notice of withdrawal issued by the court directing that the court costs be withdrawn from Cuba's inmate trust account under Section 501.014(e) of the Texas Government Code. TEX. GOV'T CODE ANN. § 501.014(e) (West 2012). "Proceedings under this section are civil in nature and are not part of the underlying criminal case." G*oodspeed v. State*, 352 S.W.3d 714, 714 (Tex. App.—Texarkana 2011, pet. denied)(citing *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009)). Because a notice of withdrawal is not a final, appealable order, challenge to the notice must be first made to the trial court in the form of a motion. *Id.* at 715.

charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547. Absent a certified bill of costs, the record is insufficient to support the order of court costs.

Because our independent review of the record confirms a lack of support for the award of court costs, we modify the trial court's judgment to delete the imposition of court costs. The judgment is affirmed, as modified. *See Johnson v. State*, No. 14-11-00639-CR, 2012 WL 4878803, at \*3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet.); *Levingston v. State*, No. 01-10-00561-CR, 2011 WL 5599973, at \*3 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (mem. op.) (not designated for publication).[3]

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 10, 2012
Date Decided:       December 11, 2012

Do Not Publish

---

[3]Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).