

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00163-CR

_____


ERIC DEWAYNE HILL, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-2229-09


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Eric Dewayne Hill has been sentenced to twelve years' imprisonment after having been adjudicated guilty of burglary of a habitation[1] in Smith County.[2] *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). Hill's appeal is limited to two issues concerning the $795.00 in court costs assessed against him: whether it was error to assess the court costs and order them deducted from Hill's inmate trust account before a bill of costs had been prepared and whether where was legally sufficient evidence to support those court costs. Because (1) supplementing the record with a bill of costs is permissible, (2) no error has been preserved in ordering costs before preparation of a bill of costs, and (3) only $195.00 in costs is supported by the evidence, we modify the judgment and affirm the judgment as so modified. *See* TEX. R. APP. P. 43.2(b).

## *(1) Supplementing the Record with a Bill of Costs Is Permissible*

Before we address Hill's complaints, we need to clarify a procedural issue in this case. On January 16, 2013, the State supplemented the record with a bill of costs indicating court costs of $495.00.[3] Under the Texas Rules of Appellate Procedure, "any party" may request supplementation, and court permission is not required. *See* TEX. R. APP. P. 34.5(c). This bill of

---

[1]In prior proceedings, Hill had pled guilty and the trial court placed him on four years' deferred adjudication. On July 26, 2012, the State filed a third application to proceed to final adjudication alleging that Hill fled, in a vehicle, from a police officer. On August 23, 2012, the trial court found Hill guilty and sentenced him. In the judgment, the trial court ordered Hill to pay $795.00 in court costs.

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]Hill objected to the supplementation of the record and requested time to file an amended brief. We granted Hill's motion to extend and permitted Hill to file a supplemental brief. The State, with this Court's permission, has also filed a supplemental brief in response to Hill's supplemental brief.

costs was dated January 11, 2013—after the appellate record had been filed. Hill filed an objection to the supplementation, arguing that we cannot consider a document created after the judgment has been rendered.

This Court has modified judgments in at least two cases because court costs are not payable until a bill of costs is produced or "ready to be produced,"[4] and no bill of costs had been prepared. *See Tafolla v. State*, No. 06-12-00122-CR, 2012 Tex. App. LEXIS 10555 (Tex. App.—Texarkana Dec. 20, 2012, no pet.) (mem. op., not designated for publication); *Cuba v. State*, No. 06-12-00106-CR, 2012 Tex. App. LEXIS 10260 (Tex. App.—Texarkana Dec. 11, 2012, no pet.) (mem. op., not designated for publication).[5] Supplementation of the record with something that did not exist at trial would normally be absolutely prohibited. "[T]he supplementation rules cannot be used to create new evidence." *Whitehead v. State*, 130 S.W.3d 866 (Tex. Crim. App. 2004) (appellate review of record itself generally limited to evidence before trial court at time of trial court's ruling); *see Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (rejecting State's request for remand to supplement record with evidence supporting attorney's fees awarded as court costs); *Lamb v. State*, 931 S.W.2d 611, 613 (Tex. App.—Amarillo 1996, pet. ref'd); *see also* TEX. R. APP. P. 34.5(c).

---

[4]The Texas Code of Criminal Procedure provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006).

[5]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

3

We conclude, however, that supplementation with a newly created bill of costs is not prohibited by this general rule. Unlike actions taken by the trial court after an appellate record has been filed,[6] we are not aware of anything limiting the district clerk's authority to prepare the bill of costs after an appellate record has been filed. Court costs are not part of the sentence and need not be orally pronounced or incorporated by reference into the judgment. *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011). Further, a bill of costs certified by the district clerk is not evidence,[7] but rather a governmental record. While the preparation of a bill of costs has significance,[8] it is merely a documentation of what occurred during the trial.[9] The costs listed in the bill of costs are not newly created; only the compilation of those costs is new. The bill of costs is an "omitted" item because it is only a data compilation from previously existing documents. *See* TEX. R. APP. P. 34.5(c) ("If a relevant item has been omitted . . . .").

---

[6]The trial court lacks jurisdiction once the appellate record is filed. *See* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) (findings of fact and conclusions of law entered after appellate record filed were void).

[7]Hill cites *Johnson v. State*, 389 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2012, no pet. h.), in support of his argument. In *Johnson*, though, the "new evidence" excluded by the court was a computer printout of the costs—not a bill of costs. We believe *Johnson* is distinguishable because the supplementation of a computer printout was more akin to evidence than a certified bill of costs.

[8]TEX. CODE CRIM. PROC. ANN. art. 103.001 (court costs not payable until bill of costs produced or "ready to be produced").

[9]Unless relevant, a bill of costs is not normally required to be part of an appellate record. *See Gonzales v. State*, No. 07-10-00383-CR, 2012 Tex. App. LEXIS 6905 (Tex. App.—Amarillo Aug. 17, 2012, pet. ref'd) (mem. op., not designated for publication).

4

We conclude that the record can be supplemented with the bill of costs.[10]  We overrule Hill's objection to that supplementation.

*(2)     No Error Has Been Preserved in Ordering Costs Before Preparation of a Bill of Costs*

Hill argues that the trial court erred in ordering Hill to pay court costs before a bill of costs was prepared.  The record contains no such objection to either the trial court's written judgment or its oral pronouncement that Hill would be required to pay court costs.  "In contrast to evidence-sufficiency challenges, for which no preservation of error is required, challenges to the propriety of trial-court rulings must be preserved for appeal."  *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012).  Although Hill alleges violation of his due process rights, both facial and as-applied constitutional challenges must be preserved in the trial court.  *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).  Hill has failed to preserve this error for appellate review.

*(3)     Only $195.00 in Costs Is Supported by the Evidence*

Hill challenges the sufficiency[11] of the evidence of the court costs and the attorney's fees awarded as court costs.  As this issue concerns a criminal matter, it can be addressed in this direct appeal.[12]

---

[10]*See Cardenas v. State*, No. 01-11-01123-CR, 2013 Tex. App. LEXIS 2980 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.) (rejecting due process challenge to supplementation of record with bill of costs).

[11]Texas law is clear that sufficiency of the evidence cannot be forfeited and need not be preserved for appellate review.  *Mayer*, 309 S.W.3d at 556 ("[S]ufficiency of evidence of [defendant's] financial resources and ability to pay were likewise not waived by his failure to raise such a complaint at trial."); *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004); *Flanary v. State*, 316 S.W.2d 897, 898 (Tex. Crim. App. 1958) (op. on reh'g).

[12]An award of costs and/or attorney's fees in a judgment of conviction can be addressed in a criminal appeal.  *Armstrong*, 340 S.W.3d at 767.  On the other hand, the "means of collection" of court costs or attorney's fees (often accomplished by garnishment of an inmate's trust account) is a civil matter.  *Id.* at 766; *see Harrell v. State*, 286

The State concedes there is no support in the record for the $300.00 difference between the trial court's order of $795.00 and the $495.00 bill of costs. We agree that the trial court cannot award costs not supported by a bill of costs.

The State also concedes the attorney's fees must be reversed. We agree. The Texas Code of Criminal Procedure requires a trial court to determine whether "a defendant has financial resources that enable him to offset in part or in whole" the cost of his appointed counsel.[13] TEX. CODE CRIM. PROC. ANN. art 26.05(g) (West Supp. 2012). The Texas Court of Criminal Appeals has held "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556 (reversing attorney's fees ordered as costs). Further, the record must reflect some factual basis to support the trial court's determination. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *see Mayer*, 309 S.W.3d at 557. Because the record lacks any evidence Hill had the ability to pay the attorney's fees, there is insufficient evidence to support the attorney's fees award.

Although the State concedes $600.00 of the $795.00 in costs should be deleted, the State argues there is sufficient evidence to support an award of $195.00. As noted above, the record has been supplemented with a bill of costs which supports, after deletion of the attorney's fees,

S.W.3d 315, 318 (Tex. 2009) (matter was civil because "the criminal case is over" and concluding post-deprivation due process sufficient for withdrawal from inmate trust account).

[13]This opinion should not be interpreted as suggesting that a court cannot condition community supervision on payment of attorney's fees without evidence of an ability to pay. The Texas Code of Criminal Procedure expressly allows such conditions. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(11) (West Supp. 2012); *cf. Bearden v. Georgia,* 461 U.S. 660, 672 (1983) (recognizing imprisonment due to poverty can be equal protection violation and requiring trial court to inquire into ability to pay).

court costs of $195.00. Hill argues the entire court costs should be deleted due to the lack of any evidence that Hill had an ability to pay the court costs.

On July 27, 2012, Hill filed an affidavit of indigency certifying that he has no income, no assets, and two children. On that day, the trial court found Hill indigent and appointed him counsel. We have not been directed to where in the record there was evidence of a material change in his financial circumstances. After the trial court pronounced sentence and ordered payment of court costs, the following exchange occurred between the trial court and Hill:

> THE COURT: . . . Mr. Hill, the Court appointed Mr. Thompson because you represented to the Court that you were indigent. Have your circumstances improved any so that you would not be indigent?
>
> [DEFENDANT]: No, ma'am, they haven't.
>
> THE COURT: Are you asking the Court to consider appointing a lawyer for you for the purposes of your appeal?
>
> [DEFENDANT]: Yes, ma'am.
>
> THE COURT: The Court appoints Mr. Huggler to represent you.

Once a defendant is found to be indigent, he or she is presumed to remain indigent unless there is evidence of a material change in his or her financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012); *see Mayer*, 309 S.W.3d at 557; *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.); *cf. McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010) (explaining two-step process for indigency determinations for purposes of free record for appeal and appointment of appellate counsel). The record does not demonstrate that the trial court found a material change in Hill's financial circumstances or considered Hill's ability to offset the cost of legal services provided. *See* TEX. CODE CRIM.

7

PROC. ANN. arts. 26.04(p), 26.05(g). Rather, after sentence was orally pronounced, the trial court appointed Hill appellate counsel. Thus, we must address the difficult issue of whether an indigent party can be ordered to pay court costs.

The Due Process Clause of the United States Constitution prohibits a state from denying access to its courts solely because of an inability to pay. *See Boddie v. Connecticut*, 401 U.S. 371, 374 (1971); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956). This does not mean, though, that court costs cannot be recovered. The Constitution prohibits only required payment in advance.[14] *Boddie*, 401 U.S. at 374; *Griffin*, 351 U.S. at 18.

We have not been directed to binding precedent from either the Texas Court of Criminal Appeals or the Tyler Court of Appeals on this issue. The Amarillo Court of Appeals has held a defendant's ability to pay is relevant only as to "court-appointed attorney's fees," not concerning legislatively mandated court costs. *Owen v. State*, 352 S.W.3d 542, 546 (Tex. App.—Amarillo 2011, no pet.). Other Texas courts of appeals have agreed with the Amarillo court.[15] The Tyler Court of Appeals has held, in an unpublished opinion, that, unless the trial court determines that the defendant was able to pay, the courts may not require the defendant to pay attorneys' fees. *See Proctor v. State*, No. 12-11-00335-CR, 2012 Tex. App. LEXIS 7452 (Tex. App.—Tyler Aug. 31, 2012, no pet.) (mem. op., not designated for publication) (deleting all court costs,

---

[14]The United States Supreme Court has observed that attempting to recover fees from indigents may not be cost-effective, but reasoned, "misguided laws may nonetheless be constitutional." *James v. Strange*, 407 U.S. 128, 133 (1972) (concluding Kansas statute permitting recovery of attorney's fees was violation of equal protection and noting in 1971 Kansas spent $400,000.00 to collect $17,000.00 in fees).

[15]*See, e.g*, *Bell v. State*, No. 09-11-00462-CR, 2012 Tex. App. LEXIS 646 (Tex. App.—Beaumont Jan. 25, 2012, no pet.) (mem. op., not designated for publication) (subtracting attorney's fees but retaining administrative costs and fees); *Ludlow v. State*, No. 03-11-00212-CR, 2012 Tex. App. LEXIS 289 (Tex. App.—Austin Jan. 11, 2012, no pet.) (mem. op., not designated for publication) (subtracting attorney's fees but retaining administrative costs and fees).

$300.00 because they were attorneys' fees, balance of $270.00 ostensibly because bill of costs did not contain that amount at all). Hill cites *Proctor*. Although we are obligated to follow the Tyler Court of Appeals' published precedents, *Proctor* is an unpublished opinion, is not binding precedent, and is merely persuasive authority. Also, *Proctor* does not stand for the proposition that costs other than attorneys' fees cannot be assessed without a finding of ability to pay. *Id.* at *6. *Proctor* did not conclude that court costs, once attorney's fees were eliminated, required evidence of an ability to pay.

In *Armstong*, the Amarillo Court of Appeals concluded, "the clerk's certified bill of costs imposes an obligation on [Armstrong] to pay the costs, again other than attorney's fees, whether or not that bill is incorporated by reference into the judgment." *Armstrong v. State*, 320 S.W.3d 479, 481 (Tex. App.—Amarillo 2010), *rev'd in part by* 340 S.W.3d 759 (Tex. Crim. App. 2011). The Texas Court of Criminal Appeals, though, reversed only part of the Amarillo court's opinion. *Armstrong*, 340 S.W.3d at 763. The high court reversed the Amarillo court on the attorneys' fees issue, but left in place the court's decision relating to court costs. *Id.* While the court did not specifically approve of the portion of the opinion concerning court costs, the failure to reverse suggests the court might agree with that portion of the opinion.

In *Ex parte Sadler*, No. WR-75,812-02, 2012 Tex. Crim. App. Unpub. LEXIS 1053 (Tex. Crim. App. Oct. 10, 2012) (not designated for publication), the inmate argued, because there was "no evidence to show a material change in his financial circumstances," court costs of $236.00 and attorneys' fees of $400.00 should be deleted. Although concluding that sufficient facts were

9

alleged concerning attorney's fees, the high court held that Sadler's complaints concerning courts costs were "without merit." *Id.*

The more persuasive authority indicates that a trial court can order an indigent defendant to pay court costs, provided payment is not demanded before the trial court proceedings have concluded. Although the trial court erred in the amount of the court costs,[16] the trial court did not err in ordering payment of the $195.00 supported by the bill of costs. We agree with the State that the trial court's judgment should be modified to order that Hill pay only $195.00 in court costs.[17]

The State argues we should reject Hill's request to modify the withdrawal order. Although the State does not cite any authority, the State argues that a withdrawal order is not an appealable order and requests that we abate the case to the trial court to modify the withdrawal order. In *Cuba v. State*, No. 06-12-00106-CR, 2012 Tex. App. LEXIS 10260, at *2 n.2 (Tex. App.—Texarkana Dec. 11, 2012, no pet.) (mem. op., not designated for publication), we refused to modify a withdrawal order, citing *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009); *Goodspeed v. State*, 352 S.W.3d 714 (Tex. App.—Texarkana 2011, pet. denied). Both *Harrell* and *Goodspeed* were appeals of the means of collection of court costs occurring after the criminal conviction had become final. *Harrell*, 286 S.W.3d at 316; *Goodspeed*, 352 S.W.3d at 714. This case is distinguishable from *Harrell* and *Goodspeed* in that the modification is being requested in a direct appeal of a criminal conviction. The Texas Court of Criminal Appeals, in

---

[16]Because they are compensatory rather than punitive in nature, court costs and attorneys' fees do not need to be orally pronounced or incorporated by reference into the judgment. *Armstrong*, 340 S.W.3d at 766–67.

[17]The bill of costs indicates that Hill has already paid $195.00.

*Armstrong*, did not resolve whether a withdrawal order can be modified in a criminal appeal. *Armstrong*, 340 S.W.3d at 763 & n.7. Several Texas cases, decided since the Texas Court of Criminal Appeals decision in *Armstrong*, have modified withdrawal orders in direct appeals addressing the sufficiency of the evidence. *See Perez v. State*, No. 07-12-0066-CR, 2012 Tex. App. LEXIS 5635 (Tex. App.—Amarillo July 12, 2012, no pet.) (mem. op., not designated for publication); *Hindman v. State*, No. 07-10-00243-CR, 2012 Tex. App. LEXIS 5017 (Tex. App.—Amarillo June 22, 2012, pet. ref'd) (mem. op., not designated for publication); *Salgado v. State*, No. 11-10-00185-CR, 2012 Tex. App. LEXIS 5006 (Tex. App.—Eastland June 21, 2012, no pet.) (mem. op., not designated for publication).

Once an appellate court has jurisdiction over a criminal case, it has jurisdiction over the entire criminal case. *See Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012).

> In sum, a proper notice of appeal in a criminal case confers jurisdiction on a court of appeals, and that court then has the authority to address any issue or claim pertinent to the judgment or order appealed from unless otherwise restricted by statute.

*Id*. When a case "is essentially criminal, the presence of civil law issues will not remove the matter from our jurisdiction." *Armstrong*, 340 S.W.3d at 765 (quoting *State ex rel. Holmes v. Honorable Court of Appeals for Third District*, 885 S.W.2d 389, 394 (Tex. Crim. App. 1994) (orig. proceeding). The general principles of *Pfeiffer* and *Holmes* suggest that, because we are faced with a direct appeal of a criminal conviction, we also have the authority to modify a withdrawal order in such a case.

This direct appeal is just such a case. The need to modify the withdrawal order stems directly from our resolution of the evidentiary sufficiency challenge to the court costs in a direct

11

appeal and is vital to ensure the implementation of our conclusions. Hill's notice of appeal gave us jurisdiction over the entire case; and, although post-conviction collection efforts are civil matters, we conclude that we have jurisdiction to modify the withdrawal order.

We modify the judgment and the withdrawal order to provide that Hill shall pay only $195.00 in court costs. We affirm the judgment and withdrawal order, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:     April 10, 2013
Date Decided:      April 24, 2013

Do Not Publish

12