

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00108-CR

_____

CHRISTOPHER DEE BESHIRS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1031-11

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Christopher Dee Beshirs complains concerning the court costs assessed in the sum of $818.00, in the aftermath of his Smith County[1] jury conviction of driving while intoxicated, third or more.[2] On appeal, Beshirs complains that the trial court's imposition of $818.00 in court costs and its notice of withdrawal were not supported by sufficient evidence. Beshirs also complains of a notice to withdraw, from his inmate trust account, funds in the amount of $10,878.00 issued by the court directing the withdrawal, which includes a $10,000.00 fine. *See* TEX. GOV'T CODE ANN. § 501.014(e) (West 2012). We modify, and affirm as modified, the withdrawal order to reflect a withdrawal of $10,513.00 and the trial court's judgment to reflect costs of $513.00.

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the costs or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation on a criminal defendant to pay court costs, irrespective of whether or not that bill is

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] Beshirs received an enhanced sentence of twenty years' imprisonment and was ordered to pay a $10,000.00 fine.

incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547. Absent a certified bill of costs, the record is insufficient to support the order of court costs, and there is no obligation to pay it.

The trial court orally pronounced that Beshirs would be required to pay "any unpaid taxable court costs." The listed costs total the amount of $818.00,[3] made up of $518.00 in court costs and $300.00 in attorney's fees. Beshirs argues that the record fails to indicate that he had the ability to pay the $300.00 in attorney's fees. This claim of insufficient evidence to support court costs is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Johnson v. State*, 389 S.W.3d 513, 514 (Tex. App.—Houston [14th Dist.] 2012, no pet.).[4]

Counsel was appointed to represent Beshirs after the trial court found him to be indigent.[5] "Fees for court-appointed representation are often included in a bill of costs." *Armstrong v.*

---

[3]The original clerk's record filed with this Court did not contain a bill of costs. Beshirs filed a motion requesting that this Court order the supplementation of the record with a bill of costs. We issued an order directing the district clerk to supplement the record with a bill of costs should one exist or, in the alternative, to provide a certified statement that no such bill existed. Pursuant to our order, the clerk produced a signed bill of costs October 26, 2012. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001. Since the supplementation of the record, Beshirs has not offered any argument that any of the identified court costs are incorrect (except the amount included as attorney's fees).

[4]Beshirs suggests that *Johnson* prohibits this Court's consideration of the supplemental clerk's record. In *Johnson*, the district clerk filed an affidavit with the Fourteenth Court of Appeals swearing that the record did not contain a bill of costs. After oral argument, the clerk supplemented the record with a computer screen printout from the Harris County Justice Information Management System showing court costs in the appellant's case. She did not retract her earlier affidavit swearing that there was no bill of costs. The computer printout was not a signed bill of costs as required by statute. TEX. CODE CRIM. PROC. ANN. art. 103.001. In this case, the district clerk complied with this Court's order by producing a bill of costs meeting the requirements of Article 103.001. *See Cardenas v. State*, No. 01-11-01123-CR, 2013 Tex. App. LEXIS 2980 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.).

[5]"We also observe that article 26.04(p), provides that '[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" *Mayer*, 309 S.W.3d 557; *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012).

3

*State*, 340 S.W.3d 759, 765 (Tex. Crim. App. 2011). Under Texas Code of Criminal Procedure Article 26.05(g), a trial court has the authority to order the reimbursement of court-appointed attorney fees under certain circumstances.

> If the court determined that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Armstrong*, 340 S.W.3d at 765–66 (quoting *Mayer*, 309 S.W.3d at 556). Here, the State concedes that the record before us does not contain any determination or finding by the trial court that Beshirs had any financial resources or was "able to pay" the appointed attorney's fees. Thus, the assessment of the $300.00 in attorney's fees was erroneous and should be deleted. *See Rodriguez v. State*, No. 06-12-00167-CR, 2013 WL 375408, at *1 (Tex. App.—Texarkana Jan. 31, 2013, no pet.) (mem. op., not designated for publication); *Proctor v. State*, No. 12-11-00335-CR, 2012 WL 3804371, at *2 (Tex. App.—Tyler Aug. 31, 2012, pet. ref'd) (mem. op., not designated for publication) (remove attorney's fees from costs imposed absent record indicating defendant was able to pay).[6] This point of error is sustained.

---

[6] Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

4

The supplemented clerk's record contains a certified bill of costs supporting a $518.00 assessment of court costs, beyond the attorney's fees discussed above. The State further concedes that this amount included an erroneously charged $5.00 assessment for the graffiti eradication fund. We modify the trial court's judgment by deleting the $300.00 assessment of attorney's fees and the $5.00 graffiti eradication fund fee from the $818.00 imposed in the judgment, leaving $513.00 as the total amount of court costs to be imposed.

Also, because Beshirs complains of the withdrawal order, we are called on to consider whether to modify the withdrawal order. There is authority that a withdrawal order is not an appealable order and that we should abate the case to the trial court to modify the withdrawal order. In *Cuba v. State*, No. 06-12-00106-CR, 2012 Tex. App. LEXIS 10260, at *2 n.2 (Tex. App.—Texarkana Dec. 11, 2012, no pet.) (mem. op., not designated for publication), we refused to modify a withdrawal order, citing *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009); *Goodspeed v. State*, 352 S.W.3d 714 (Tex. App.—Texarkana 2011, pet. denied). Both *Harrell* and *Goodspeed* were appeals of the means of collection of court costs occurring after the criminal conviction had become final. *Harrell*, 286 S.W.3d at 316; *Goodspeed*, 352 S.W.3d at 714. This case is distinguishable from *Harrell* and *Goodspeed* in that the modification is being requested in a direct appeal of a criminal conviction. The Texas Court of Criminal Appeals, in *Armstrong*, did not resolve whether a withdrawal order can be modified in a criminal appeal. *Armstrong*, 340 S.W.3d at 763 & n.7. Several Texas cases, decided since the Texas Court of Criminal Appeals decision in *Armstrong*, have modified withdrawal orders in direct appeals that address the sufficiency of the evidence. *See Perez v. State*, No. 07-12-0066-CR, 2012 Tex. App.

5

LEXIS 5635 (Tex. App.—Amarillo July 12, 2012, no pet.) (mem. op., not designated for publication); *Hindman v. State*, No. 07-10-00243-CR, 2012 Tex. App. LEXIS 5017 (Tex. App.—Amarillo June 22, 2012, pet. ref'd) (mem. op., not designated for publication); *Salgado v. State*, No. 11-10-00185-CR, 2012 Tex. App. LEXIS 5006 (Tex. App.—Eastland June 21, 2012, no pet.) (mem. op., not designated for publication).

Once an appellate court has jurisdiction over a criminal case, it has jurisdiction over the entire criminal case. *See Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012).

> In sum, a proper notice of appeal in a criminal case confers jurisdiction on a court of appeals, and that court then has the authority to address any issue or claim pertinent to the judgment or order appealed from unless otherwise restricted by statute.

*Id*. When a case "is essentially criminal, the presence of civil law issues will not remove the matter from our jurisdiction." *Armstrong*, 340 S.W.3d at 765 (quoting *State ex rel. Holmes v. Honorable Court of Appeals for Third District*, 885 S.W.2d 389, 394 (Tex. Crim. App. 1994) (orig. proceeding). The general principles of *Pfeiffer* and *Holmes* suggest that, because we are faced with a direct appeal of a criminal conviction, we also have the authority to modify a withdrawal order in such a case.

This direct appeal is just such a case. The need to modify the withdrawal order stems directly from our resolution of the evidentiary sufficiency challenge to the court costs in a direct appeal and is vital to ensure the implementation of our conclusions. The notice of appeal in this case gave us jurisdiction over the entire case, and, although post-conviction collection efforts are civil matters, we conclude that we have jurisdiction to modify the withdrawal order.

6

The only added question we must address related to the withdrawal order is its inclusion of the $10,000.00 fine in the funds to be withdrawn. Since a fine is punitive and part of a convicted defendant's sentence, it can be collected by withdrawal order, regardless of proof of the defendant's ability to pay. *Id.* at 767 (punitive nature); *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied) (withdrawal order approved).

We modify the judgment to reflect assessed costs in the sum of just $513.00. We modify the withdrawal order to direct the withdrawal limited to the sum of $10,513.00. As so modified, we affirm the trial court's judgment and the withdrawal order.


Josh R. Morriss, III
Chief Justice


Date Submitted:    April 12, 2013
Date Decided:      April 24, 2013

Do Not Publish

7