# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00688-CV

**Rodgy Lee Nesby, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT NO. 9322, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Rodgy Lee Nesby was convicted of the offense of aggravated sexual assault of a child and sentenced to 99 years' imprisonment. This Court affirmed Nesby's conviction on appeal. *See Nesby v. State*, No. 03-03-00559-CR, 2005 Tex. App. LEXIS 3379 (Tex. App.—Austin May 5, 2005, no pet.) (mem. op. on reh'g). Nesby has now filed a pro se notice of appeal from the district court's order to withdraw funds from Nesby's inmate account. The State has filed a motion to dismiss the appeal for want of jurisdiction.

The withdrawal of funds from an inmate's account for the recovery of court fees and other costs assessed against the inmate is governed by section 501.014(e) of the Texas Government Code. Proceedings to recover costs under section 501.014(e) "are civil in nature and not part of the underlying criminal case." *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2008). In civil cases, unless specifically authorized by statute, appeals may be taken only from final orders or judgments. *See*

*CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An "order to withdraw funds" is not considered a final, appealable order; it is merely a "notification by a court" instructing prison officials to withdraw funds from an inmate's account as required by statute. *See Harrell*, 286 S.W.3d at 316 n.1 (citing Tex. Gov't Code § 501.014(e)); *Goodspeed v. State*, 352 S.W.3d 714, 715 (Tex. App.—Amarillo 2011, pet. denied); *Ramirez v. State*, 318 S.W.3d 906, 907 (Tex. App.—Waco 2010, pet. ref'd). An inmate may appeal from a trial court's final order denying the inmate's motion to modify or rescind the withdrawal. *See Harrell*, 286 S.W.3d at 317; *Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied). However, in this case, there is no such order. Accordingly, we grant the State's motion and dismiss the appeal for want of jurisdiction. *See Ramirez*, 318 S.W.3d at 908.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed:   December 20, 2013

2