

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00121-CV

_____


ARNOLD NELSON, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 09F0313-202


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

A jury convicted Arnold Nelson of possession of a controlled substance. After pleading true to the State's enhancement paragraph, Nelson (1) was sentenced to fifty years' imprisonment, (2) was ordered to pay a $10,000.00 fine, and (3) was ordered to pay $275.00 in court costs. On June 18, 2010, the trial court noticed a withdrawal from Nelson's inmate trust account, which informed the Texas Department of Criminal Justice–Correctional Institutions Division of Nelson's $10,275.00 debt. The notice required withdrawal from Nelson's inmate trust account in accord with the following monthly payment schedule:

> THE COURT ORDERS that payment be made out of the Offender's Inmate Trust Account as follows:
>
> Pay an initial amount equal to the lesser of:
> (1) 15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
> (2) The total amount of courts costs, fees and/or fines and/or restitution that remains unpaid.
> In each month following payment of the initial amount, the offender shall pay an amount equal to the lesser of:
>
> (1) 10% of each month's deposit in the Inmate Trust Account; or
> (2) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid. Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

On appeal, Nelson argues that the trial court erred in noticing the withdrawal of funds from his inmate trust account.[1]

We have recently explained that because the notice of withdrawal of funds is not an order, there is no right to appeal from a notice of withdrawal.[2] *Goodspeed v. State*, 352 S.W.3d 714, 715 (Tex. App.—Texarkana 2011, pet. denied); *see In re Hart*, 351 S.W.3d 71, 73 n.2 (Tex. App.—Texarkana 2011, orig. proceeding). However, Nelson filed a motion to cease garnishment and return all withdrawn funds. This motion was denied by the trial court on October 30, 2013. Nelson's November 12, 2013, notice of appeal, on its face, clearly stated an intent to appeal the trial court's denial of his motion to cease garnishment. We treat this appeal as an appeal from that order.

Nelson argues that (1) entry of the June 18, 2010, notice of withdrawal did not comport with the procedures set forth in Rules 657–659 of the Texas Rules of Civil Procedure, (2) this procedural shortcoming was a violation of his procedural due process rights, and (3) because his due process rights were violated, the trial court erred in denying his motion to cease garnishment. Recovery of fines and courts costs from inmate trust accounts is governed by the procedures set forth under Sections 14.006 and 14.007 of the Texas Civil Practice and Remedies Code and Section 501.014(e) of the Texas Government Code. TEX. CIV. PRAC. & REM. CODE ANN.

---

[1]Nelson was party to the underlying criminal action and was notified of the costs assessed when the convicting court sentenced him. If he believed they were erroneous, he was free to contest them at the time they were assessed. He did not. Nelson also does not challenge the amount of fines and court costs reflected in the notice of withdrawal on appeal.

[2]The Texas Attorney General's Office has filed an amicus curiae brief arguing that the appeal should be dismissed for want of jurisdiction because it believes Nelson is appealing from the notice of withdrawal.

3

§ 14.006 (West 2002), § 14.007 (West Supp. 2013); TEX. GOV'T CODE ANN. § 501.014(e) (West 2012); *see Harrell v. State*, 286 S.W.3d 315, 316, 320 (Tex. 2009) ("Nothing in Texas law requires the grafting of comprehensive garnishment procedures onto Government Code [S]ection 501.014.").

Further, while due process entitles an inmate to receive notice and an opportunity to be heard concerning the withdrawal of funds from his inmate trust account, the Texas Supreme Court has clarified what process is actually due in withdrawal cases. *Harrell*, 286 S.W.3d at 319.[3] If an inmate receives the notice of withdrawal and has his concerns considered by the trial court that issued the notice, due process requires nothing more. *Id.* at 321. Contrary to Nelson's belief, "[t]he Constitution does not require pre-withdrawal notice or a comprehensive civil garnishment proceeding." *Id.*

Nelson received a copy of the withdrawal notification and had an opportunity to be heard when he filed his motion to cease garnishment. Therefore, according to *Harrell*, no further process was due to Nelson. We overrule Nelson's point of error.

---

[3]Discussing the due process afforded to the appellant, the *Harrell* court balanced the three factors discussed in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *Harrell*, 286 S.W.3d at 319. These factors are (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards, and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.* at 319–20.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     February 4, 2014
Date Decided:      February 13, 2014