

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-15-00011-CV

---

DAVID EUGENE RIVARD, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court Nos. 47,493; 47,676

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

David Eugene Rivard pled guilty to and was convicted of two separate counts of possession of a controlled substance in trial court cause numbers 47493 and 47676. Sentence was imposed in each matter on June 27, 2014, and the trial court assessed $429.60 in court costs in cause number 47493, $307.00 in court costs in cause number 47676, and $180.00 as restitution in cause number 47676, for a total assessment of $916.60. On the same day as it entered the judgments of conviction in these matters, the trial court also entered a consolidated "Order to Withdraw Funds" pursuant to Section 501.014 of the Texas Government Code. *See* TEX. GOV'T CODE ANN § 501.014 (West 2012).

Rivard filed a notice of appeal, claiming that he received neither notice nor an opportunity to be heard prior to entry of the order. The "Order to Withdraw Funds" is actually not an "order" in the traditional sense of that word. Rather, it is simply a notification provided by a court to the Texas Department of Criminal Justice informing prison officials that certain costs have been assessed against an inmate and directing the officials to withhold the assessed costs from the inmate's trust account. *See Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009); *Goodspeed v. State*, 352 S.W.3d 714, 715 (Tex. App.—Texarkana 2011, pet. denied). Because a notice of withdrawal is not an order from which an appeal can be taken, this Court is without jurisdiction over this appeal.

By letter dated March 4, 2015, we notified Rivard of this potential defect in our jurisdiction and afforded him an opportunity to respond. Rivard has not filed a response.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


                                        Bailey C. Moseley
                                        Justice

Date Submitted:        April 23, 2015
Date Decided:          April 24, 2015