# NO. 12-21-00036-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY DELTON WARREN,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Larry Delton Warren, acting pro se, appeals the trial court's order denying his motion to rescind the court's order to withdraw funds from his inmate trust account and reimburse funds. Appellant's stated issues are that (1) the evidence is legally and factually insufficient to support a finding that the trial court "assessed and pronounced or imposed" a $2,000.00 fine against him when he was "placed on [community supervision] and ordered executed by the trial court" or (2) when his community supervision was revoked, and (3) that the court erred by denying the motion in an ex parte proceeding. In his argument section, Appellant additionally argues that the court erred by entering the withdrawal order without a prior hearing. We dismiss for want of jurisdiction in part and affirm.

## BACKGROUND

Appellant was convicted of driving while intoxicated, third offense or more, on July 3, 2008.[1] Pursuant to a plea bargain agreement, the trial court assessed his punishment at imprisonment for ten years and a fine of $2,000.00. However, the court suspended imposition of

---

[1] A third-degree felony, punishable by imprisonment for a term of not more than ten years or less than two years and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 12.34 (West 2019), 49.04, 49.09(b)(2) (West Supp. 2021).

the sentence and placed Appellant on community supervision for a term of ten years. As a condition of community supervision, Appellant was ordered to pay court costs in the amount of $297.00 and the $2,000.00 fine at the rate of $48.00 per month until paid in full.

On May 20, 2011, the trial court entered a judgment revoking Appellant's community supervision and imposing the ten-year prison sentence, the $2,000.00 fine, and court costs in the amount of $297.00. On November 30, the court issued an order directing the Texas Department of Criminal Justice to withdraw $2,297.00 from Appellant's inmate trust account to pay for his "court costs, fees, fines, and/or restitution[.]"

On January 14, 2020, Appellant filed a motion to rescind the withdrawal order and reimburse funds. In the motion, he claimed that he paid $2,297.00 to the Anderson County Adult Probation Department, and the court's judgment revoking his community supervision assessed a $2000.00 fine and court costs in the amount of $297.00 that were already paid in full. Appellant stated that he received notice of the withdrawal order and a bill of costs on July 20, 2020. As of that time, $1,667.44 had been deducted from his inmate trust account. Appellant argued that he is entitled to reimbursement of those funds because he was "double charged" for the fine and court costs after he paid them in full to the probation department, constituting an unlawful taking of his property without due process.[2] He further argued that he was entitled to an additional reimbursement of $164.00 of the court costs he paid because the "statutory law court costs upon conviction for a felony offense is the sum of $133.00." The court denied the motion without a hearing. This appeal followed.

## STANDARD OF REVIEW AND APPLICABLE LAW

A withdrawal notice, commonly called a "withdrawal order," is not a final order from which an inmate may appeal. *Goodspeed v. State*, 352 S.W.3d 714, 715 (Tex. App.—Texarkana 2011, pet. denied). Only when the withdrawal order is properly challenged and relief is denied is there a final order from which the inmate may appeal. *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.).

We review a trial court's ruling on a motion contesting a withdrawal order under an abuse of discretion standard. *Maldonado v. State*, 360 S.W.3d 10, 13 (Tex. App.—Amarillo 2010, no pet.). A trial court abuses its discretion when it acts without reference to any guiding

---

[2] *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19.

rules and principles. ***Quixtar Inc. v. Signature Mgmt. Team, LLC***, 315 S.W.3d 28, 31 (Tex. 2010). Furthermore, a trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. ***Johnson v. Fourth Court of Appeals***, 700 S.W.2d 916, 917 (Tex. 1985).

An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. ***Simon v. York Crane & Rigging Co., Inc.***, 739 S.W.2d 793, 795 (Tex. 1987). Hence, the party that complains of abuse of discretion has the burden to bring forth a record showing such abuse. ***Id.*** Absent such a record, the reviewing court must presume that the evidence before the trial judge was adequate to support the decision. ***Id.***

## Ex Parte Withdrawal Order

In Section (A) of Appellant's brief,[3] he argues that the trial court erred by entering an ex parte withdrawal order. We lack jurisdiction to address this issue because the withdrawal order is not an appealable order. *See* ***Goodspeed***, 352 S.W.3d at 715. Even if the withdrawal order was appealable, we could not grant Appellant relief. In support of his argument, Appellant cites ***In re Goad***, 243 S.W.3d 858 (Tex. App.—Waco 2008, orig. proceeding). In ***Goad***, the court of appeals conditionally granted a writ of mandamus compelling the trial court to set aside two apparently ex parte withdrawal orders on the grounds that the inmate was not afforded procedural due process. *See* ***id.*** at 859. However, the Supreme Court of Texas has since held that "all that due process requires [is] post-withdrawal notice and hearing." *See* ***Harrell v. State***, 286 S.W.3d 315, 321 (Tex. 2009). Specifically, the court held that "an inmate is entitled to notice . . . via copy of the order, or other notification, from the trial court . . . and an opportunity to be heard . . . via motion made by the inmate . . . but neither need occur before the funds are withdrawn." ***Id.*** Accordingly, we conclude that Appellant's argument is without merit.

## Fine Pronouncement

In Section (B) of Appellant's brief, which corresponds with his first and second issues, he argues that the trial court erred by entering the withdrawal order because the fine was not pronounced when he was placed on community supervision and, therefore, the court lacked

---

[3] Section (A) does not correspond with any of Appellant's stated issues.

authority to impose the fine when his community supervision was revoked. We lack jurisdiction to address this argument because it constitutes a challenge to the withdrawal order rather than the court's denial of Appellant's motion to rescind the withdrawal order. *See **Goodspeed***, 352 S.W.3d at 715. Furthermore, even if Appellant argued on appeal that the trial court erred by denying his motion based on this argument, he would not prevail because he did not raise the complaint in his motion. *See* TEX. R. APP. P. 33.1(a)(1) (before complaint may be presented for appellate review, record must show it was made to trial court by timely request, objection, or motion).

The withdrawal order is not an appealable order. *See **Goodspeed***, 352 S.W.3d at 715. Accordingly, we dismiss Appellant's appeal regarding his first and second issues for want of jurisdiction.

### DENIAL OF MOTION

In Section (C) of Appellant's brief, which in part corresponds with his third issue, he argues that the trial court erred by denying his motion in an ex parte proceeding because his allegations in the motion that he paid the fine and court costs before his community supervision was revoked constitute some evidence that the fine and court costs were paid, the record contains no evidence to the contrary, and the evidence is insufficient to support a finding that the fine was "assessed, pronounced and called into execution on the date [he] was placed on probation." We disagree.

First, Appellant cites no authority, and we find none, for the proposition that an evidentiary hearing is required when an inmate moves to rescind a withdrawal order. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities). To the contrary, due process is satisfied when the inmate receives notice of the withdrawal order and "ha[s] his concerns considered by the trial court that issued [it]." *See **Harrell***, 286 S.W.3d at 321. Appellant neither requested an evidentiary hearing in his motion nor does he state what evidence he would have offered at such a hearing. Under these circumstances, we cannot conclude that the trial court abused its discretion by denying Appellant's motion without an evidentiary hearing.

Furthermore, Appellant has not shown that the trial court abused its discretion by its implicit finding that he was not charged the fine and court costs twice. The record contains no

transcript of a hearing on the motion or other evidence that Appellant paid any portion of his fine and court costs while on community supervision.[4]  Appellant's motion is not evidence. *See Ceramic Tile Intern., Inc. v. Balusek*, 137 S.W.3d 722, 725 (Tex. App.—San Antonio 2004, no pet.) (pleadings are not evidence unless offered and admitted by trial court). Absent a record showing that Appellant was charged his fine and court costs twice, we must presume the evidence before the court was adequate to support its denial of Appellant's motion.  *See Simon*, 739 S.W.2d at 795.

Finally, Appellant has not shown that the trial court abused its discretion based on his argument that the fine was not pronounced when he was placed on community supervision. First, he did not raise this issue in his motion, and therefore, the issue is not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1).  Furthermore, even if the issue was preserved, the record does not support Appellant's argument.  The judgment recites that "[t]he Court . . . assessed the punishment at confinement . . . for TEN (10) YEARS and a fine of $2,000.00."  The presumption of regularity created by recitals in a trial court's judgment can be overcome only when the record otherwise affirmatively reflects that error occurred.  *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984).  The presumption of regularity requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court.  *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000).  The burden is on the appellant to overcome the presumption of regularity. *Macias v. State*, 539 S.W.3d 410, 420 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).  Because we find no indication in the record that the court did not assess the fine at the sentencing hearing, we presume the fine was properly recited in the judgment nunc pro tunc.  *See Breazeale*, 683 S.W.2d at 450; *Light*, 15 S.W.3d at 107.

For these reasons, we conclude that Appellant has not carried his burden of showing that the trial court abused its discretion by denying his motion to rescind its withdrawal order and reimburse funds.  *See Maldonado*, 360 S.W.3d at 13.  Accordingly, we overrule Appellant's third issue.

---

[4] By our calculation, even if Appellant made every scheduled payment while on community supervision, he would not have paid the fine and court costs in full as he alleges.

## COURT COSTS

Also in Section (C) of Appellant's brief,[5] he argues that the trial court erred by denying his motion to rescind the withdrawal order as it pertains to his court costs because there is no bill of costs in the record or evidence to support a court cost assessment of $297.00, and "the statutory amount that could be assessed was the sum of $133.00. See., Section 102.021 of the Texas Government Code." We disagree.

First, Section 102.021 does not impose a limit on the amount of court costs. The version of that statute in effect at the time of Appellant's offense states that a "person convicted of an offense shall pay the following under the Code of Criminal Procedure, in addition to all other costs," and then lists various costs associated with specific offenses. *See* Act of June 21, 2003, 78th Leg., ch. 1278, § 1, 2003 Tex. Sess. Law Serv. 4655, 4667 (current version at TEX. GOV'T CODE ANN. § 102.021 (West Supp. 2021). Furthermore, in Appellant's motion to rescind, he stated that he received a bill of costs from the trial court in 2020. Nevertheless, he did not include it in his request for preparation of the clerk's record. It was Appellant's burden to bring forth a record showing an abuse of discretion. *See Simon*, 739 S.W.2d at 795. Based on the record before us, we cannot conclude that the trial court abused its discretion by denying Appellant's motion as it pertains to his court cost assessment.

## DISPOSITION

Having dismissed Appellant's appeal regarding his first and second issues for want of jurisdiction and overruled his third issue, we ***affirm*** the trial court's order denying Appellant's motion to rescind the withdrawal order and reimburse funds.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 18, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[5] This part of Section (C) does not correspond with any of Appellant's stated issues.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 18, 2022**

**NO. 12-21-00036-CV**

**LARRY DELTON WARREN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 28994)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below denying Appellant's motion to rescind the withdrawal order and reimburse funds **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*