Opinion filed May 2, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00136-CV

_____

## IN RE CRANSTON LAMONT PARKS

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Appearing pro se and *in forma pauperis*, Relator, Cranston Lamont Parks, a prison inmate, has filed a petition for writ of mandamus. In his petition, Relator complains that Judge Dean Whalen of the 70th District Court of Ector County should be ordered to rule on his "Motion to Modify Order to Withdraw Funds" he allegedly filed on or about March 3, 2013. For the reasons expressed herein, we deny Relator's request for mandamus relief.

According to the documents included with Relator's application, he was convicted of aggravated robbery on June 23, 2000, and sentenced to twenty years confinement. On September 13, 2012, he was notified by letter from the Ector County Compliance Department that the trial court had entered an Order to

Withdraw Funds pursuant to Section 501.014(e) of the Texas Government Code.[1] In response to the order to seize his inmate funds, Relator filed his Motion to Modify Order to Withdraw Funds. Although the copy of the motion provided to this court does not bear a file stamp, the verification and certificate of service signed by Relator bears the date of March 3, 2013. Relator asserts that he has not received a ruling on the motion.

Mandamus relief is extraordinary. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding).

A withdrawal notification issued pursuant to Section 501.014(e) triggers the withdrawal of funds from an inmate account, serves as notice of the collection proceeding, and continues to operate unless and until the inmate takes action causing the notification to be withdrawn. *See Williams v. State*, 332 S.W.3d 694, 696 n.2 (Tex. App.—Amarillo 2011, pet. denied). The disposition of an inmate's motion challenging the withdrawal of funds from his inmate account creates an appealable order. *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.).

---

[1]Section 501.014(e) describes the process for collecting costs ordered by the trial court as "notification by a court" directing prison officials to withdraw sums from an inmate's account in accordance with a schedule of priorities set by the statute. *See* TEX. GOV'T CODE ANN. § 501.014(e)(1)–(6) (West 2012); *see also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009).

When a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App. San—Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Other factors include the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding). Further, the party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837.

Relator has only established that he has a pending motion in the trial court. He has not provided this Court with information that he has corresponded with the Ector County District Clerk to bring the motion to the trial court's attention. Furthermore, he has not provided information regarding other influential factors relevant to whether mandamus will lie. Additionally, approximately two months have lapsed since the filing of the motion. Based upon these facts, we cannot conclude that Relator has awaited disposition of his motion for an unreasonable period of time or that the trial court has refused to perform a ministerial act. Accordingly, we deny Relator's application for mandamus relief.

PER CURIAM

May 2, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

3