**Opinion filed March 26, 2020**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-20-00074-CV
_____

## IN RE ROBERT MUNOZ

---

**Original Mandamus Proceeding**

---

### MEMORANDUM OPINION

Robert Munoz, Relator, has filed an original petition for writ of mandamus in this court. The petition relates to the withdrawal of funds from Relator's inmate account. Relator asserts that the former judge of the 441st District Court of Midland County belatedly assessed costs and issued an order to withdraw funds from Relator's inmate account even though Relator had been deemed to be indigent, no fine had been assessed, and no amount of costs appeared in the underlying judgments.[1] On January 21, 2020, in response to funds being withdrawn from his

---

[1] Relator was convicted in 2013 of two counts of sexual assault of a child and was sentenced to serve two ten-year terms of confinement. *See Munoz v. State*, No. 11-13-00139-CR, 2015 WL 4053483, at *1 (Tex. App.—Eastland June 30, 2015, pet. ref'd) (mem. op., not designated for publication). We note that no fine was assessed, that the judgments are silent as to the amount of court costs, and that Relator was represented at trial and on appeal by court-appointed attorneys.

inmate account, Relator filed a "Motion Nunc Pro Tunc" in the district court. The district court has not yet ruled on that motion. In his petition, Relator complains of the district court's failure to rule on Relator's motion, and Relator asks that we order the district court to delete the "'Belated Cost' of $14,217.25." Because Relator has not allowed sufficient time for the district court to rule on the pending motion and also because Relator has an adequate remedy by appeal with respect to his request that we order the district court to delete the belatedly assessed costs, we deny Relator's request for mandamus relief at this time.

Mandamus relief is extraordinary. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding).

When a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Other factors include the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties that must be addressed. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—

Amarillo 2003, orig. proceeding). Further, the party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837.

Relator has established only that he filed a motion in the district court on January 21, 2020. He has not provided us with information that he has corresponded with the Midland County district clerk to bring the motion to the trial court's attention. Furthermore, only six weeks elapsed between the time that Relator filed the motion in the district court and the time that he filed the petition for writ of mandamus in this court. Based upon these facts, we cannot conclude that Relator has awaited disposition of his motion for an unreasonable period of time or that the district court has refused to perform a ministerial act.

With respect to Relator's request that we order the district court to delete the belated costs, Relator has not demonstrated that he has no adequate remedy by appeal. The Texas Government Code provides that, upon "notification by a court," prison officials are to withdraw sums from an inmate's account in accordance with a schedule of priorities set by the statute. TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2019); *see also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). A withdrawal notification issued pursuant to Section 501.014(e) triggers the withdrawal of funds from an inmate account, serves as notice of the collection proceeding, and continues to operate unless and until the inmate takes action causing the notification to be withdrawn. *See Williams v. State*, 332 S.W.3d 694, 696 n.2 (Tex. App.—Amarillo 2011, pet. denied). Although a notice or order to withdraw funds is not an appealable order, an order ruling on a motion to strike or rescind an order to withdraw inmate funds would be appealable. *Harrell*, 286 S.W.3d at 316 n.1, 321; *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.). Thus, Relator's relief with respect to his inmate account lies in the filing of a motion to strike or a motion to rescind in the trial court and, if necessary, an appeal from a

denial of such a motion. *See Harrell*, 286 S.W.3d at 321; *Ramirez*, 318 S.W.3d at 908. Because Relator has an adequate remedy by appeal, he has not demonstrated that he is entitled to mandamus relief regarding the amount of costs to be withdrawn from his inmate account. *See Walker*, 827 S.W.2d at 842; *In re Mendoza*, No. 05-16-00383-CV, 2016 WL 1469593, at *1 (Tex. App.—Dallas Apr. 14, 2016, orig. proceeding) (mem. op.).

Accordingly, we deny Relator's petition for writ of mandamus.

PER CURIAM

March 26, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.